## The Dutchess Cotton Manufactory *against* Davis.

A person becoming a stockholder of an incorporated company by signing THIS was an action of *assumpsit*, brought to recover the amount of certain instalments payable by the defendant on thir-

an agreement by which the subscribers promise to pay the company 100 dollars for every share set opposite their names, *in such manner and proportion, and at such time and place as.shall be determined by the trustees of the said company.* is liable in an action of *assumpsit,* at the suit of the company, for the instalments directed by its trustees to be paid

And such agreement, although without the words *bearer* or *order.* is a promissory note within the statute, and no consideration need be averred in the declaration

In an action by an incorporated company for manufacturing purposes, the plaintiffs need not aver that they had been duly incorporated, as the act authorizing such incorporations is a public law, (1 R L. 245 ) and the certificate required by the act. on being filed, becomes matter of record.

A person entering into a contract with a corporation, under their corporate name, canot object that they had not been duly constituted a corporation.

ty shares subscribed by him in the stock of *The Dutchess* Cotton Manufactory. The declaration contained five counts. The first count stated that the defendant, on the 1st of *February*, 1815, made a certain note in writing, commonly called a promissory note, his own proper hand being thereto subscribed, bearing date, &c., and then and there delivered the said note to the plaintiffs, and thereby promised to pay the plaintiffs, by the name and description of *The Dutchess Cotton Manufactory.* the sum of three thousand dollars, for thirty shares of stock in the said *Dutchess Cotton Manufactory* set opposite to his name, in such manner and proportion, and at such time and place as should be determined by the trustees of the said company : the resolutions of the trustees, at two several meetings, directing that certain instalments should be paid by the stockholders, are then stated, by means whereof, and by force of the statute in such case made and provided, the defendant became liable to pay the same to the plaintiffs, and being so liable, undertook, &c.

<span style="float:right">ALBANY,<br>August, 1817</span>

<span style="float:right">DUTCHESS COT-<br>TON MANU-<br>FACTORY<br>v.<br>DAVIS.</span>

2. The second count stated that the defendant, on the 1st of *February*, 1815, made a certain other note in writing in the words and figures following, to wit : " We, whose names are hereunto subscribed, do. for ourselves and our legal representatives, promise to pay to *The Dutchess Cotton Manufactory* the sum of one hundred dollars for every share of stock in the said *Dutchess Cotton Manufactory* set opposite to our respective names, in such manner and proportion, and at such time and place, as shall be determined by the trustees of the said company. *February* 1st, 1815." To which note the defendant subscribed his name, and opposite to his name, so subscribed, set and affixed the number 30, by means whereof he became 'a stockholder, and entitled to thirty shares of the stock, and became liable to pay the plaintiffs for the same the sum of 3000 dollars, being 100 dollars for each share of stock, in such manner and proportion, and at such time and place, as should be determined by the trustees of the company. That on the 7th of *March*, 1815, the trustees determined that the stockholders should pay to the treasurer, on each share, on the first day of *May*, then next, the sum of five dollars, and the further sum of five dollars on each share on the 1st day of *June*, then next : and the plaintiffs aver, that at the time of passing such resolution, as well as at all times since, *Cyrenus Crosby*, a stockholder in the said company, was treasurer thereof, and resided and kept

ALBANY,
August. 1817.

DUTCHESS COT-
TON MANU-
FACTORY
v
DAVIS.

his office in *Poughkeepsie*, of all which premises the defendant had notice; by means whereof, and by force of the statute in such case made and provided, the defendant became liable to pay the plaintiffs the sum of 150 dollars, on the 1st day of *May*, in the year aforesaid. being 5 dollars on each of the 30 shares of stock subscribed and held by him, and the further sum of 150 dollars on the first day of *June*, in the year aforesaid, being other 5 dollars on each of the said shares of stock, and being so liable, undertook, &c      And the plaintiffs farther say, that afterwards, to wit, at a meeting of the trustees, holden on the 20th of *September*, 1815, it was further determined that the stockholders should pay to the treasurer of the company, on each share of stock, on the first *Monday* of *November* next ensuing the day of the resolve, the sum of 10 dollars, and the further sum of five dollars, on each share, on the first *Monday* in *December*, then next: the plaintiffs then aver that *Cyrenus Crosby* was treasurer, &c., by reason whereof, and by force of the statute in such case made and provided, the defendant became liable to pay the plaintiffs the sum of 300 dollars, on the first *Monday* in *November*, in the year aforesaid, being 10 dollars, &c., and the further sum of 150 dollars. on the first *Monday* in *December*, in the year aforesaid, being five dollars, &c, and being so liable undertook, &c.

3. The third count stated that the defendant, on the 1st of *February*, 1815, applied himself to the plaintiffs, and offered them. in case they would suffer and permit him to become a stockholder in the company by subscribing in their book for that purpose. and to take 30 shares of the stock, that he would pay them 100 dollars for every share, in such manner and proportion, and at such time and place, as should be determined by the trustees: and the plaintiffs, in fact, say, that they permitted the defendant to have 30 shares on the terms aforesaid, and to subscribe a subscription book or paper, with a head and subscription as follows, to wit  " We, whose names are hereunto subscribed, &c. :" whereupon the defendant subscribed his name in the said book, or subscription paper, beneath the entry aforesaid; and opposite to his name so subscribed, set and affixed the number 30, by reason whereof the defendant became a stockholder, &c., (as in the preceding count.)

The fourth count was for money lent, money paid, and money had and received  and the fifth count was on an *insimul*.

*computassent.* The defendant pleaded *non assumpsit,* to the first, fourth, and fifth counts, and demurred to the second and third counts, specially, for the following° causes : 1. Because they set forth a note in writing, or written agreement between the parties, as being a promissory note within the statute, and set forth no good or valid consideration on which it was made, whereas it is not a note within the statute, and the consideration ought to have been specially set forth. 2. Because it is stated in the beginning of these counts, that the assumption of the defendant was an express assumption, made at the date of the agreement in writing ; and in the latter part of these counts respectively, two implied assumptions are stated to have been raised at different times, to wit, on the 7th of *March,* 1815, and the 20th of *September,* 1815, by reason of the order of the trustees, and by force of the statute, &c., and because the counts contain duplicity in this respect. 3. Because it is not averred that any certificates of stock were ever given or tendered to the defendant, and because it does not sufficiently appear that the parties were mutually bound to each other, and that the defendant acquired any right in the stock of the company by his subscription, or that the plaintiffs were liable to the defendant for the stock. 4. Because it does not appear in these counts themselves, or by reference to any other part of the declaration, that the plaintiffs are a body corporate duly organized in pursuance of law, nor that they have taken the steps necessary by law to create them a body corporate. 5. Because no sufficient legal consideration is stated for the agreement set forth.

The plaintiffs joined in demurrer.

*Bloom,* in support of the demurrer. This is, perhaps, the first case which has come before the court under the *act relative to incorporations for manufacturing purposes ;** an act new, and containing peculiar provisions.

1. The first ground on which this demurrer is to be supported is, that the contract, or subscription, stated in the declaration is not binding for want of a consideration. It is a *nudum pactum.* No consideration is stated. There is no allegation of any stock having been tendered. It is precisely like the case of *Jenkins* v. *The Union Turnpike Company,†* in which the court of errors held that no action could be maintained. The

H h

ALBANY,
A gust 1817.

DUTCHESS COTTON MANUFACTORY.

DAVIS.

* Passed March 22d 1811 1 N. R. L 245. 34 sess. ch. 67.

†1 Caines' Cases in Error, &c.

ALBANY,
August, 1817.

DUTCHESS COT-
TON MANU-
FACTORY.
v.
DAVIS.

* 9 Johns. Rep.
217.

† 1 Caines' Rep.
381. 391.

‡ 10 Johns. Rep.
154.

§ 5 Mass. Rep.
80.

‖ 1 Binney's
Rep. 70.

statute, (sect. 5.,) provides, merely, that if the payments called for by the trustees from the stockholders are not made in 60 days, their shares shall be forfeited. The defendant was not a stockholder; a mere subscription does not make him a stockholder; and no stock, or certificate of stock, has ever been tendered to him. In the case of *The Goshen and Minisink Turnpike Road* v. *Hurtin*,* which will, probably, be cited by the other side, the defendant actually gave a *promissory note* for *five* shares which had been delivered to him, and he was thus a stockholder. This court could not intend to overturn the decision of the court of errors. They say that, in *Jenkins* v. *The Union Turnpike Company*, the corporation was not *in esse* when *Jenkins* gave the note, and they presume that the judgment of the court of errors proceeded on that ground.

2. In the case of *The Union Turnpike Company* v. *Jenkins*,† this court held that the counts on the defendant's subscription, as on a promissory note within the statute, could not be maintained; and the second objection is, that the subscription is here declared on as a promissory note. The plaintiffs should have declared on the subscription as a special agreement, and have set forth the consideration.

3. There was no mutuality in the contract. It does not appear that the defendant was to give any thing, or that the plaintiffs were liable to him for the amount of the stock.

4. The second and third counts do not state that the plaintiffs have been duly organized, according to the act, a body corporate. It does not appear that they had a legal existence, or capacity to sue. In the case of *The Highland Turnpike Company* v. *M'Kean*,‡ the court held it necessary to prove the averments as to the organization of the company. The averments, therefore, must have been deemed material. In the case of *The Worcester Turnpike Company* v. *Willard*,§ the due organization of the company is expressly averred; and the fact is so stated in the case of *The Delaware Canal Company* v. *Sansom*.‖ The averments are the more necessary in this case, as the plaintiffs are not incorporated by any particular act, but under the general statute. They ought to show, therefore, that they have fully conformed to the provisions of that act.

*J. Tallmadge*, contra. 1. The subscription, or written promise, in this case, may be declared on as a promissory note

within the statute. It was not, therefore, necessary to aver a consideration. It was so decided in the case of *The Goshen Turnpike Company* v. *Hurtin.** The words " *to bearer.*" or, " *order,*" need not be inserted in the note to bring it within the statute.†

ALBANY,
August, 1817.

DUTCH'S COTTON MANUFACTORY.
v.
DAVIS.

* 9 *Johns. Rep.* 217
† *Burchell* v. *Slocock* 2 Ld. Raym 1545 *Smith* v *Kendall,* 6 *Term Rep* :23. *Downing* v *Backenstocs,* 3 *Caines' Rep.* 137.

2. But, in fact, there was a consideration, to .wit, the thirty shares set opposite to his name; and which, it is to be presumed, he held.

3. It was not necessary to aver that the defendant had procured certificates of stock. By his subscription he becomes a stockholder, and it will be intended that he duly received his stock.

4. It was not necessary for the plaintiffs to aver that they were a body politic, and how, and when they became incorporated. Whether they are corporation or not, is matter of evidence.‡ It need not be set forth, or spread upon the record. In *Jackson, ex dem., The Union Academy of Stonearabia* v. *Plumbe,*§ the court ruled that when a corporation sues, they must, under the general issue, prove that they are a corporation.

‡ *Henriques* v. *Dutch W I Co.* 2 Ld. Raym. 1535. *Hob.* 211. 1 *Kyd on Corp.* 292, 293.
§ 8 *Johns Rep.* 378 See, al-o, *U S. Bank* v. *Haskins,* 1 *Johns. Cases,* 132.

*Oakley,* in reply, said, that the act under which this corporation was formed, was general. It contained no provisions for the payment of any instalments, &c., but left all those particular matters to be regulated by the corporation. It provides but one remedy, which is a forfeiture of the sums subscribed, in case of non payment of the instalments called for by the company, who, in regard to all other things, are left to .make such by-laws and regulations as they may think fit.

Again ; the act, (sect. 7.,) provides, that in case of the dissolution of the company, the stockholders shall be individually responsible. One person might get into his own hands a majority of the shares, might enforce the payment of all the subscriptions, and, having all the property of the company in his power, might involve the corporation in debt, and abscond and leave those who had honestly paid up their subscriptions responsible for all the debts Thus the greatest injustice and abuse might exist, if the doctrine advanced, on the part of the plaintiffs, is to prevail. This act made, ostensibly, for the encouragement of manufactures, has, in effect, given them a death blow.

Again ; a mere averment that the defendant was a stockholder, does not make him one. He must have received the certificates

ALBANY,
August 1817.

DUTCHESS COT
TON MANU
FACTORY
v
DAVIS.

of stock; and there is no allegation of that, or that he has paid the money subscribed. It is said there is a consideration expressed; that is, the shares set opposite the name. But mentioning the number of shares is merely for the purpose of ascertaining the amount and extent of the contract, and so the court held in the case of *The Union Turnpike Company* v. *Jenkins.*

It is said, that this subscription is a promissory note within the statute; but it is precisely like the one in the case of *The Union Turnpike Co.* v. *Jenkins,* which the court have said is not a note within the statute; and, unless the decision of the court of errors has been overruled, this cannot be declared on as a note within the statute. In the case of *The Goshen Turnpike Co.* v. *Hurtin,* the note was expressly given for five shares of stock, and the contract was thus complete, on the face of it. These cases are, therefore, clearly distinguishable.

Again; it is not averred that the plaintiffs were a body corporate, duly organized. So far as precedents in the cases decided are to be found, this averment is necessary, and the mere naming themselves a corporation is not sufficient. It is true that in the cases cited from the reports in *Massachusetts* and *Pennsylvania,* the acts of incorporation were public acts, and the judges bound to take notice of them. But here the plaintiffs, by virtue of a power contained in the general law, are incorporated by their own act; and unless they aver that they have duly incorporated themselves under that statute, how is it to be known that they are a corporation, without having recourse to the office of the secretary of state, to ascertain whether they complied with the provisions of the general act?

THOMPSON, Ch. J., delivered the opinion of the court. Since the decision of this court in the case of *The Goshen Turnpike Co.* v. *Hurtin,* (9 *Johns. Rep.* 217.) the question whether an action will lie at all upon a promise by a stockholder, in a corporation like the present, to pay his instalments, ought to be considered at rest, at least in this court. We then took occasion to notice the decision of the court of errors in the case of *The Union Turnpike Co.* v. *Jenkins,* (1 *Caines' Cases in Error,* 86.,) and concluded that, although one of the members of the court, in delivering his opinion, thought that the only remedy was a forfeiture of the shares, and all previous payments, yet, that was not the point on which the decision turned, but on the ground taken

by the chancellor, that the condition upon which *Jenkins* was to become a member of the company, viz. paying 10 dollars, had not been performed, and that the corporation was not considered *in esse* at the time of making the promise by *Jenkins*.

In the case against *Hurtin,* we considered the note, which was like the one set forth in the declaration in this cause, as a promissory note within the statute, though it had not the words *bearer* or *order ;* and, therefore, it was not requisite that a consideration should be averred. or appear upon the face of the note. But in that case, as in this, there is a consideration appearing on the face of the note. It is a promise to pay 100 dollars, for each share of stock set opposite the defendant's name, to wit, thirty shares ; and it is to be intended that the defendant had become a stockholder to that amount.

The only question of doubt that can arise in this case is, whether it was not necessary for the plaintiffs to set forth in their declaration, by fit and proper averments, that they had been duly incorporated. But I am inclined to think it was not. The general act relative to incorporations for manufacturing purposes, (1 *R. L.* 249.,) directs the certificate, which is to contain the requisite evidence of the company's having become a body politic or corporate, to be filed in the office of the secretary of state, and declares, that as soon as such certificate shall be so filed, the persons who shall have signed and acknowledged the same, and their successors, shall become a body politic and corporate. This is a public law, and the certificate becomes matter of record. The incorporation ought not. therefore, to be considered a mere private act, since it was under a general law of the state, and the evidence thereof is made matter of record. But the defendant having undertaken to enter into a contract with the plaintiffs in their corporate name, he thereby admits them to be duly constituted a body politic and corporate, under such name. The case of *Henriques* v. *The Dutch West India Company.* (2 *Ld. Raym.* 1535.,) is very much in point on this question. It is there laid down by the counsel, and appears to be adopted by the court, that the plaintiffs in error were estopped, by the recognisance they had entered into with the defendants in error, from saying there was no such company ; and that where an action is brought by a corporation they need not show in the declaration how they were incorporated ; but upon the general issue pleaded by the defend-

ALBANY,
August. 1817.

DUTCHESS COTTON MANUFACTORY
v.
DAVIS.

ant, the plaintiffs must prove they are a corporation. The same principle was substantially adopted by this court in the case of *The Bank of the United States* v. *Haskins*, (1 *Johns. Cas.* 132.) and in *Jackson* v. *Plumbe*, (8 *Johns. Rep.* 378.) The opinion of the court, therefore, is, that the plaintiffs are entitled to judgment upon the demurrer.

Judgment for the plaintiffs.