## DEN *ex dem.* GEORGE LORRILLARD *against* ADRIAN VAN HOUTEN.

If the subscribing witness to an instrument reside out of the reach of the process of the court, his hand-writing may be proved.

In an action of ejectment brought by the assignee of a mortgagee against a mortgagor, upon a mortgage given to corporation, it is not necessary to produce the charter of incorporation. The admission by the defendant himself in the deed of mortgage, is sufficient proof when uncontradicted, of the existence of the corporation.

This ejectment was brought to the term of May, 1828, upon a demise by G. Lorrillard, the 30th August, 1826, of a cotton mill and two acres of land, in the township of Acquackanonk and county of Essex. The defendant pleaded not guilty.

The plaintiff produced a bond, together with a mortgage, purporting to have been given by the defendant to the Paterson Bank by its corporate name, and P. Dickerson subscribing witness. The mortgage purported to have been assigned afterwards to G. Lorrillard by the Paterson Bank, under the corporate seal, and William Slosson to be the subscribing witness thereto. P. Dickerson, being sworn on the part of the plaintiff, testified, that the bond and mortgage were given in his presence, and that he subscribed his name to each as a witness. He further testified that William Slosson, the subscribing witness to the assignment, resided in the state of New York, and that the signature of his name as subscribing witness to the assignment, was the hand-writing of the said William Slosson. He further testified that the seal affixed to the said assignment, was the common seal of the Paterson Bank.

John W. Berry, being sworn on the part of the plaintiff, testified that the boundaries expressed in the mortgage comprehended the premises in question, and that the defendant had been in possession and carried on the mill from about September, 1827, until the summer of 1828; that the defendant borrowed a bale of cotton from him to spin in the mill, during the summer.

Jeremiah Mitchell, being also sworn for the plaintiff, testified that the mortgage comprehended the premises in question, and that the defendant carried on the mill; and on cross examination he said that the defendant's son was agent for him, and that he, the witness, always understood that the defendant held possession till this summer.

The plaintiff's counsel then offered to read in evidence the bond, mortgage and assignment, but the defendant's counsel

objected to reading in evidence the deed of assignment, because it had not been proved by the instrumental witness, whose evidence it was argued could not be dispensed with, for if personal attendance could not be procured, his evidence might have been taken by commission. It was also mentioned that the corporate charter ought to have been produced. The court decided, that proof of the hand-writing of an instrumental witness was legal and competent evidence of the execution of a deed when the witness resided in another country or state, beyond the reach of legal process; that the defendant could not be allowed to deny the existence of the corporation which he had admitted in the bond and mortgage under his hand and seal. Whereupon the bond, mortgage and assignment, were read in evidence, and the jury found a verdict for the plaintiff.

Upon a motion for a new trial—

*Vanarsdale*, for defendant, shewed Reason 1. The instrumental witness to the assignment read in evidence was not examined. 2 *Starkie, Ev.* 338, shews the English rule of law, and in a note containing the American cases, mentions those states, in which the examination of the instrumental witness will not be dispensed with, if it can be obtained by commission.

Reason 2. No legal evidence given, that the Paterson bank are a corporation.

It belongs to government to create corporations. Individuals cannot give a name to several persons whereby they may sue; a suit in the name of a mercantile firm cannot be sustained; so decided in our reports.

In a suit by a corporation, and the general issue pleaded; they must on the trial prove themselves a corporation. 8 *John R.* 378; 14 *ib.* 245; 19 *ib.* 300; 2 *Cowen* 770.

And it is insisted that a party deriving title through a corporation must, on the trial, give the same evidence when the general issue is pleaded.

*P. Dickerson.* In answer to the first reason assigned in this case, the plaintiff insists that the principle is now well settled in New Jersey, that if the subscribing witness to a deed reside without the jurisdiction of the court, in another state, it is competent for the party, (after proving the fact of such absence of the witness) to prove his hand-writing, which is sufficient to admit the deed in evidence to the jury. 12 *Mod.* 607 ; 2 *East* 250 ; 4 *Johnson's Rep.* 461 ; 1 *Johnson's cases* 230 ; 6 *Sergeant* and *Rowle* 311 ; 4 *Halsted* 322.

As to the 2d reason, the plaintiff insists in the first place that it was not urged upon the trial at the Circuit, and therefore cannot be taken advantage of upon this motion. 6 *Sergeant* and *Rawle* 14.

.But the reason is without foundation in law, even if it had been urged upon the trial, for the defendant had admitted the existence of the corporation under his hand and seal, and ought not to be permitted to deny the existence of that corporation, and more particularly as against a *bona fide* assignee. 14 *Johnson's Rep.* 238.

EWING, C. J. The first reason assigned for a new trial is, that the instrumental witness of the deed of assignment of the mortgage should have been produced and examined, or his evidence taken by commission ; and that, though he was proved to reside out of the state, secondary evidence was inadmissible. In *Vandoren* v. *Vandoren*, 2 *Penn.* 1022, this court said, the rule which now obtains is, that if the subscribing witness resides out of the reach of the process of the court, his hand-writing may be proved. The rule in England as laid down by *Starkie*, 2 *volume* 338, is, that secondary evidence may be given if the witness is abroad and beyond the process of the court, whether he be domiciled there or not, as in Ireland. The same rule is adopted in the courts of several of the states of the union, although in others a different rule has prevailed.

The second reason for new trial is, that it was not proved

Den *v.* Van Houten.

on the trial that the President, Directors and Company of the Paterson Bank were a corporate body.\* A number of cases were cited to prove, that in an action by a corporation, on a plea of the general issue, proof must be made of the existence of the corporation. There may be strong reasons for requiring a corporation bringing a suit to shew it has legal existence and therefore a capacity to come into court and maintain such suit. The present action, however, is not by a corporation but by an ordinary person on a mortgage assigned to him by the corporation. In such case the admission by the defendant himself in the deed of mortgage under his hand and seal is, as against him, sufficient proof, when uncontradicted, of the existence of the corporation. *Henriques* v. *The Dutch West India Company,* 2 *Lord Raym.* 1535 ; *Dutchess Cotton Manufacturing Company* v. *Davis,* 14 *John.* 245. In the latter case, *Chief Justice Thompson* said : The defendant having "undertaken to enter into a contract with the plaintiffs in their corporate name, he thereby admits them to be duly constituted a body politic and corporate under such name." In the *Mayor &c., of Carlile* v *Blamire,* 8 *East.* 487, the issue was, whether the corporation was known by a certain name at the time when the ancestor, under whom the defendant claimed, granted a water course to it, and the deed of that ancestor describing the corporation by that name, was held to be sufficient evidence against the defendant that the corporation was then known by that name, especially as it was not encountered by any other evidence.

Judgment for the plaintiff.

\* NOTE BY THE REPORTER —Notwithstanding the cases cited by the defendant's counsel, from the New York reports, the later, and, I think, better opinion is, that upon the general issue it is not necessary to prove the ,corporate capacity of the plaintiffs. In the case of *Conard* v. *The Atlantic Insurance Company,* 1 *Peters' Rep.* 450, *Justice Story* says. "the first exception is, that the corporate capacity of the plaintiffs was not regularly proved, before the introduction of the *respondentia* bond. It is to be considered that this was a trial upon the merits; and by pleading to the merits the defendant necessarily admitted the capacity of the plaintiffs to sue. If he intended to take the exception, it should have been done by a plea in abatement, and his omission so to do was a barrier of this objection " See also the case of *Den ex dem. State of New Jersey* v. *Holmes* and *Dunham,* 2 *Penn. Rep.* 1050, under what circumstances a corporation may be presumed.