WORCESTER MEDICAL INSTITUTION *vs.* SAMUEL D. HARDING.
SAME *vs.* LEWIS BIGELOW.

A party who contracts with another as a corporation, is estopped to deny the legal existence of such corporation.

The meaning of the phrase in a building contract, "when the walls shall be com-pleted," is a question of law for the court, and whether the necessary acts were done is a question for the jury.

A subscription to build a medical college was payable, one third when the walls should be completed. *Held*, that such subscription was payable when the walls were so far completed as to receive the roof, although the walls had not then been covered with mastic according to the complete designs of the building.

THESE actions were brought to recover of the defendants money alleged to have been laid out and expended by the plaintiffs for the use of the defendants, and at their request.

The plaintiffs sought to recover the amount of the first instal-
ments alleged to be due on the agreement following, signed
by the defendants, with others, and it was not contended by
the plaintiffs that the defendants were liable in any other way
than under said agreement: " We, the undersigned, agree to
pay to the treasurer of the Worcester Medical Institution the
sum set against our separate names, for the purpose of build-
ing a medical college for said institution, to be located and
built upon Union Hill, so called, in Worcester, in the County
of Worcester, one third to be paid when the walls shall be
completed, one third when the roof shall be completed and the
building enclosed in, and the other third when the building
shall be completed; the building to be such an one as is
referred to in the plan and specifications to be made by
Elbridge Boyden, and said specifications are to be completed
before the contracts of subscriptions are delivered. When the
contract shall be closed between the agent of said institution
and the builder or builders of said college, we agree that our
subscriptions may be converted into notes, payable upon the
contingencies above stated.—Worcester, July 19th, 1850."

At the trial, in the court of common pleas, before *Merrick*,
J. the plaintiffs introduced their act of incorporation and the
records of their proceedings, and it appeared from them, that
the act of incorporation was passed March 17th, 1849, and
that the meeting of the corporators named in said act was
held on the 27th day of the same March, at which meeting
twelve other individuals were elected members of the corpo-
ration, and the organization of said corporation completed,
the new members acting with those named in the act, by the
choice of the president, secretary, treasurer, and other officers,
and that no other meeting had been held for the special pur-
pose of further perfecting their organization. It not appear-
ing by the records or any written evidence that notice of the
first meeting had been given by the corporators in pursuance
of the Rev. Sts. *c.* 44, § 3, the defendants objected that
parol evidence was not admissible for the purpose of show-
ing said notice had been given; but the judge overruled
the objection, and Calvin Newton, one of the corporators,

being called, testified that eight or ten days before said meeting he gave written notice thereof according to law, to the other corporators, and that he did not preserve any copy of said notice. The defendants then contended that the plaintiffs could not maintain any action, because their act of incorporation did not take effect till April 16th, 1849, and there had never been any legal organization of said corporation under said act, but the judge ruled that if the plaintiffs subsequently acted as a corporation, it was sufficient to enable them to prosecute an action in the corporate name.

For the purpose of proving that the contract, referred to in the subscription paper, had been closed between the plaintiffs and the builder of the college, the plaintiffs introduced a paper entitled " Memorandum of a contract, made and entered into this 1st day of September, 1850, by and between William T. Merrifield, of Worcester, in the county of Worcester, gentleman, of the first part, and E. M. Parritt, John A. Andrews, Charles Ballard, all of Worcester, in said county of Worcester, and William Johnson, of Boston, in the county of Suffolk, a building committee of the second part," and signed, " William T. Merrifield, E. Morgan Parritt, John A. Andrews, Charles Ballard, William Johnson."

It was proved that under this contract, and a subsequent one between the same parties, the building had been erected. The defendants contended that this was not a contract between the plaintiffs and the builder of the college, and that the plaintiffs could not recover for money laid out and expended, but the judge overruled the objections.

Elbridge Boyden, the architect mentioned in said contract, called by the plaintiffs, having testified that the walls of the building were up and ready for the roof at the time these actions were brought, and that the walls, which were of brick, were originally designed to be covered with mastic, and were built with reference to receiving said covering, and that said mastic had not been put on, the defendants contended that the walls were not completed until said mastic had been put on, and that this was a question of fact for the jury, but the judge ruled that if the walls were so far completed as to receive

the roof, it was a sufficient completion of the walls within the meaning of the contract, to entitle the plaintiffs to recover the first instalment.

The defendants contended that the contract had not been closed with a builder for the completion of the building; and that the plans and specifications were not finished at the time of the delivery of the subscription paper to the plaintiffs. These two questions were submitted to the jury with directions to find a verdict for the plaintiffs, if they found that prior to the delivery of the subscription paper the contract had been closed for the erecting of said building, and that the plans and specifications had been completed.

The jury having returned a verdict for the plaintiffs, the defendants excepted to the foregoing rulings.

*C. Allen*, for the defendants. 1. Although evidence of the actual use of the powers and privileges of an incorporated company, under the name designated in the act of incorporation, may be sufficient to prove the existence of an incorporated company, yet if the evidence shows conclusively that no legal organization has taken place, the objection is fatal to an action brought in the name of such company. *Bank of Utica* v. *Smalley*, 2 Cow. 770 ; *Herkimer Manufacturing Co.* v. *Small*, 2 Hill, 127 ; *Bill* v. *Fourth Western Turnpike Co.* 14 Johns. 416 ; *Jackson* v. *Plumbe*, 8 Johns. 378; *Society of Middlesex Husbandmen* v. *Davis*, 3 Met. 133.

2. Whether the walls were completed or not, was a question of fact for the jury.

*P. C. Bacon*, for the plaintiffs.

THOMAS, J. The contract upon which the plaintiffs rely was made by the defendants with the plaintiffs, as a corporation. It is an agreement to pay to the treasurer of the Worcester Medical Institution. The act of incorporation is shown. Acts of incorporation are now deemed public acts. Rev. Sts. *c.* 2, § 3; and printed copies of them published under the authority of the government are admitted as evidence. Rev. Sts. *c.* 94, § 58. The proof of the act of incorporation, of the action of the plaintiffs under it, and of the contract of the defendants with the plaintiffs as such corporation, was suffi-

cient for the maintenance of the suit by the plaintiffs in their corporate name.    Indeed, it seems to be well settled that the defendants, having contracted with the corporation, would be estopped to deny its existence.  *Narragansett Bank* v. *Atlantic Silk Company*, 3 Met. 282; *Congregational Society in Troy* v. *Perry*, 6 N. Hamp. 164; *Dutchess Cotton Manufacturing Company* v. *Davis*, 14 Johns. 238.

The question what was meant by the words of the written agreement, "when the walls shall be completed," being a question of the construction of the contract, was a question of law for the court.    The construction of the presiding judge was correct.    What the contract required to be done was a question of law for the court; whether it had been done, a question of fact for the jury.           *Exceptions overruled.*