H. Gray, J.
The act authorizing the incorporation of companies to navigate the ocean by steamships, by its second section, provides that, where the certificate provided for in its first section shall- have been filed as therein required, and ten per cent of the capital named paid in, the persons who shall have signed and acknowledged the same, and all others who shall thereafter become holders of any share or shares of said capital stock, and their successors, shall be a body politic and corporate, in fact and in name, by the name stated in such certificate. Sections 6 and 8 of the act make each stockholder, upon a failure to collect of the corporation, liable to its creditors to an amount equal to the stock held by him.
The certificate required by the first section of the act was, in all respects, properly made and filed. As to that, no question is made; and if ten per cent of the capital stock had been paid in, the “Mexican Ocean Mail and Inland Company” would have been a corporation de jure. Ho question could have existed in relation to the defendant’s liability. It is, nevertheless, a corporation de jacto, and may carry on its business, and sue in its corporate name. If the plaintiffs had failed to deliver their coaches, and for that reason had been sued by the corporation, and they had set up precisely the defence which the defendant has, or, in other words, pleaded nul tiel corporation, a production of the certificate which had been filed and proof of user (if not of user alone), would have been sufficient, prima facie, to establish it a body corporate, in fact as well as in name. (Snow v. Peacock, 2 Carr. & Payne, 215; Dutchess Co. Manf. Co. v. Davis, 14 John., 238, 245; U. S. Bank v. Stearns, 15 Wend., 315.) When its corporate existence had been thus established, the plaintiffs would not have been permitted to prove, as a defence for them, the facts relied upon by the defendant; for the familiar reason that the right of a corporation to sue cannot be inquired into collaterally. (McFarlan v. The Triton Ins. Co., 4 Denio, 392-397.) Thus, it will be seen that this corporation, though not a valid corporation in point of law, may carry on its enterprises, have its day in court, and divide its revenue among the holders of *122 the shares of its capital, until the State shall' interpose and ask that it he dissolved; and that the only real necessity of complying with the statute in relation to the payment of the ten per cent was to prevent proceedings in behalf of the people to put an end to its corporate functions.
This company had a public office in the city of Mew York, in which they transacted what purported to be the corporate business of the “ Mexican Ocean Mail and Inland Company;” officers were elected by the shareholders; books, usual and proper for such a corporation, were kept, in which its proceedings were entered; to the public, it had all the external indicia of being the corporation it assumed to be, and valid in point of law. The defendant was a shareholder of its capital stock; and that was apparent from the books of the corporation before the plaintiff gave it credit. This credit was given upon the faith, not only of the liability of the corporation as such, but ultimately of the several shareholders of its capital. The plaintiffs’ case, therefore, rests upon much stronger grounds than did either of the cases of Ellis v. Schmoeck & Thomas (5 Bing., 521); Doubleday v. Muskett & Lousada (7 id., 110); or Harvey and others v. W. Kay, Bart. (9 Barn. & Cress., 356). In each of these, the defendant was held liable. It would be palpably wrong to permit the defendant, who is one of the owners of the capital stock of this corporation, which operates and sues for his benefit, to set up the failure of its organizers to perform a duty initiatory to its legal existence, when the plaintiffs, if sued by the corporation for the defendant’s benefit, could not set up the same fact as a defence to them.
The judgment should be affirmed.
All the judges concurred in this conclusion, except Stkong, J., who took no part in the decision.
Judgment affirmed.