THE HOWE MACHINE COMPANY, Appellant, *against* JOHN ROBINSON, Respondent.

(Decided January 7th, 1878.)

Where a corporation organized by or under any statute of this State, in a suit by it desires to take advantage of the statutory provisions (2 R. S. 458, § 3, as amended by L. 1864, c. 422, and L. 1875, c. 508) relieving such corporations under certain circumstances from proving on the trial of suits by or against them, the existence of such corporation, it must allege in its complaint its incorporation by or under a statute of this State, and if it does not do so it must, on a general denial being interposed, prove its incorporation on the trial.

Even in a case where the defendant, by having contracted with the plaintiff in its corporate name, is estopped from denying its incorporation, this only extends to estop him from denying the incorporation where properly pleaded, and the plaintiff must still either properly allege the incorporation in its complaint or prove it on the trial, if a general denial be interposed.

A complaint in the name of a corporation as plaintiff is a sufficient allegation of incorporation to sustain the action, provided due proof of such incorporation is made when required.

APPEAL from a judgment of the justice of the District Court of the city of New York, for the Sixth Judicial District, dismissing the complaint.

The facts are fully stated in the opinion.

*Stephen A. Walker*, for appellant.

*S. Albert Mincho*, for respondent.

JOSEPH F. DALY, J.—This was an action to recover personal property, one sewing machine. The complaint was oral and did not aver that the plaintiff was a corporation. The answer contained a general denial with other defenses. The affidavit and undertaking of plaintiff on the claim of the property with the requisition to the marshal were before the justice on the trial, and are made part of his return. The affidavit is made by "Levi S. Stockwell, president of the Howe Machine Company." The undertaking recites the affidavit so made. Plaintiff did not prove its incorporation on the trial, and the justice granted defendant's motion to dismiss the complaint, which motion was made "on the ground that no incorporation has been proved; also on the ground that no sufficient demand is shown, the plaintiff not having shown any demand since the machine had been sent up to defendant's place."

It was not necessary to aver particularly in the complaint the incorporation of the plaintiff. The complaint by the Howe Machine Company is itself an allegation of incorporation, and is sufficient as a pleading. (*The Phenix Bank* v. *Donnell*, 40 N. Y. 410 ; *The Bank of Havana* v. *Magee*, 20 N. Y. 358, per Denio, J.)

If there were no special averment of incorporation, did the general denial in defendant's answer require proof of incorporation on the trial? Such a denial would not put in issue the incorporation of a company averred in the complaint to be a domestic corporation. (2 R. S. 458, § 3, L. 1864, chap. 422 ; L. 1875, c. 508, p. 588.) But it would put in issue an averment of incorporation under a foreign law.

Even if the contract on which the action is brought were made by defendant with the corporation in its corporate name, he is estopped no further than his right to object to the want of averments of incorporation in the complaint, for, under the general issue, the court would require proof of plaintiff's capacity to sue if it were a foreign corporation. (*Henriques* v. *Dutch West India Co.*, 2 Raymond, 1535; *The Dutchess Cotton Manufactory* v. *Davis*, 14 Johns. 238; *Connecticut Bank* v. *Smith*, 9 Abb. 168.) This was the rule before the statute above cited as to corporations generally, but by the statute proof of incorporation by domestic corporations is not required under the general denial. The rule as to foreign corporations has not been altered.

When the parties went to trial in the court below the plaintiff was not in a condition to avail itself of the benefit of the statutes dispensing with proof of its incorporation, because it had not, in any form, claimed to be a domestic corporation, and there could be no presumption that it was such. Even the incorporation of plaintiff was denied; and if the defendant was estopped from denying that, because he had contracted with plaintiff, he was estopped no further than as regards the pleading. We have seen that plaintiff would have to prove incorporation on the trial. (*Dutchess Cotton Mfg. Co.* v. *Davis ; Henriques* v. *Dutch West India Co.*, supra.)

If plaintiff were a domestic corporation it was only necessary to so allege, and unless that fact were specially controverted no further proof would be required. Not having chosen to aver incorporation it was necessary to prove it. If we held otherwise it would be in effect permitting a foreign corporation, by omitting all averments of these matters in its complaint, to recover without any proof of corporate existence, notwithstanding a general denial in the answer. This would be a clear infraction of the rule as to proof under such an issue by such corporate bodies. That we hold a domestic corporation, on the other hand, bound to prove its corporate existence, without any special denial required by the statutes, is no violation of those statutes,

because, without an averment in the complaint the court cannot know that it is a domestic corporation and entitled to its privilege under the acts. Nothing in the pleadings or proofs in this case showed plaintiff to be a domestic corporation. Defendant was not bound to set up expressly in his answer that plaintiff was not a domestic corporation, for such special denial is only required where the action is brought by a domestic corporation, and that fact nowhere appears.

The judgment dismissing the complaint for the want of proof of incorporation should be affirmed.

VAN HOESEN, J., concurred.

Judgment affirmed.