THE PRESIDENT, DIRECTORS AND COMPANY OF THE HIGH-
LAND TURNPIKE *against* M'KEAN.

Where an act incorporating a turnpike company, sess. 29. c. 119. s. 2.) required every subscriber to the stock to pay, at the time of subscribing, to one of the commissioners, the sum of five dollars; it was *held,* in an action brought by the corporation against a subscriber to recover the amount of the shares subscribed by him, that the declaration must aver the *payment of the five dollars* on each share subscribed; and for want of such necessary averment, judgment was arrested. But where it was averred that the defendant was a *commissioner* under the act, and held the subscription book, and while the book was open and in his hands, subscribed 20 shares, this was held to be equivalent to an averment of the payment of the 5 dollars on each share. Where there are two counts in the declaration, one good and the other bad, and the verdict is general, judgment will be arrested, unless the verdict can be so amended by the judge's notes as to apply to the good count only.

THIS was an action on the case. The declaration contained two counts. The first count stated that by an act, dated the 2d of *April,* 1806, *William Edgar* and others, named in the act, were incorporated, &c. That the defendant, with other persons named in the act, were appointed commissioners to perform certain duties, &c. and the commissioners were directed, on or before the 1st of *July* then next, to procure and open thirteen books, for subscription of shares of the stock of the company, one of which was kept and opened by each commissioner. That the defendant and the other persons, elected to act as commissioners, opened the books, &c. on the 7th of *May,* 1806, according to the directions of the act; that after the book in the hands of the defendant was opened, and while it was in his hands, as one of the commissioners, he subscribed in the book, opposite to his name, *twenty shares,* under the following words, written in the book: "We whose names are hereunto subscribed, do, for ourselves and our legal representatives, promise to pay to the president, directors, and company of the *Highland Turn-pike,* the sum of twenty-five dollars for every share of stock in the said company, set opposite to our respective names, in such manner and proportions, and at such times and places, as shall

be determined by the said president, directors, and company," by reason whereof, and by force of the act, the defendant became a stockholder, and entitled to twenty shares of such stock, and became liable to pay the plaintiffs 500 dollars, &c.

NEW-YORK,
May, 1814.

HIGHLAND
TURNPIKE
COMPANY
v.
M'KEAN.

The plaintiffs averred the subscription of the number of shares required by the act, the advertisement and notice to the subscribers to meet and choose directors, the meeting of the subscribers, &c. and the election of thirteen directors, who chose one of their number president. That the president and directors commenced their operations on the road, and having from time to time expended large sums of money, they, on the 30th of *May*, 1809, determined that the persons who had subscribed to hold stock in the company, and who resided in *Dutchess* county, &c. should pay the whole of the money due on their shares respectively to certain persons named, on or before the 24th of *June;* that the persons so named were, on the 30th of *May*, and all the time until the 24th of *June*, at, &c. ready to receive the payments, &c. and the defendant resided in *Dutchess* county, and notice was given to him of the call and determination of the directors aforesaid.

The second count stated that the defendant applied to the plaintiffs, and offered, that in case they would permit him to become a stockholder, by subscribing, &c. to take 20 shares, and to pay 25 dollars for each share, &c. That the book was opened, and the plaintiffs consented to let the defendant subscribe, and that he accordingly subscribed for twenty shares, and thereby, &c. as in the first count; but without mentioning that the defendant was a commissioner, &c.

The act of incorporation (sess. 29. c. 119. s. 2.) declares, that " every subscriber shall, at the time of subscribing, pay unto either of the commissioners, five dollars for each share so subscribed."

The defendant pleaded the general issue. After a trial of the cause, and a verdict for the plaintiffs, the defendant moved in arrest of judgment, and also for a new trial, and the court being of opinion that a new trial ought to be granted, gave no opinion on the motion in arrest of judgment. (See 10 *Johns. Rep.* 154. S. C.) A verdict having been again found for the plaintiffs, the defendant moved in arrest of judgment, 1. Because the declaration does not allege that the defendant paid the five dollars on each share, at the time of subscribing, in con-

NEW-YORK,
May, 1814.

HIGHLAND
TURNPIKE
COMPANY
v.
M'KEAN.

formity to the act of incorporation; 2. Because it did not appear by the declaration that the parties were mutually bound, or that the plaintiffs were liable to the defendant for the stock, or that the defendant acquired any rights by the subscription; 3. That the promises stated in the declaration were void, for want of a consideration.

*J. Tallmadge,* for the defendant.

*J. Emott,* contra.

*Per Curiam.* The ground urged by the defendant's counsel, in support of the motion in arrest of judgment, is the want of an averment in the declaration that the defendant, at the time of subscribing, paid to the commissioner the sum of five dollars on each share subscribed by him. The necessity of such an averment appears to be supported by the decision of the court of errors, in the case of *Jenkins v. The Union Turnpike.* (1 *Caines' Cases in Error,* 86.) It is a little difficult to ascertain the point upon which the court of errors grounded their decision. One of the questions before them was the one raised on the argument of the present motion; and this court, in the case of *The Goshen Turnpike Company* v. *Hurtin,* (9 *Johns. Rep.* 218.) seemed to suppose that to have been the point upon which the court of errors intended to decide; and according to that decision, an averment of the payment of five dollars on each share at the time of subscribing was necessary.

The first count in this declaration can, however, be supported without infringing upon the doctrine of the court of errors. It contains averments of facts which, in judgment of law, must be deemed equivalent to an averment of a payment of the money. The defendant was a *commissioner* to receive subscriptions; and he subscribed, while the book was in his own hands. This was, no doubt, a valid subscription, so as to entitle the defendant to the stock subscribed; and it would be a useless ceremony for him to pay himself the money required to be advanced on the subscription.

The second count, however, contains nothing equivalent to such an averment, or that can be considered as dispensing with a specific averment of the payment of the five dollars on each share; and the verdict being general, the judgment must be

arrested, unless the verdict can be amended by the judge's notes, so as to apply to the first count only.

Judgment arrested.