EASTERN RAILROAD COMPANY *vs.* LEVI BENEDICT & another.

On a written order, made for a consideration moving from the Eastern Railroad Company, to deliver property to " J. S., president of the Eastern Railroad Company," the company may sue in their own name.

ACTION OF CONTRACT upon the following written order, the consideration of which was iron furnished by the plaintiffs to Leonard Fuller, and which the defendants had promised to accept:

" Salem, Mass., 24th Sept. 1850. Messrs. Benedict & Warren, Gentlemen : Please give Mr. D. A. Neale, president of the Eastern Railroad Company, stock in the Salem Gas Company, at par, to the amount of seven thousand dollars, and place the same to my account. Yours respectfully, Leonard Fuller."

At the trial, the defendants objected that the action could not be maintained in the name of the plaintiffs, but only in the name of Neale; and that parol evidence was not admissible to prove that the order was in fact given for the iron belonging to, and for the benefit of the Eastern Railroad Company. *Thomas*, J. sustained the objection, and directed a nonsuit, subject to the opinion of the whole court.

*G. M. Browne*, for the plaintiffs.

*J. P. Healy*, for the defendants, cited Story on Agency, §§ 159, 394, and cases cited; *Thomas* v. *Bishop*, 2 Stra. 955; *Moss* v. *Livingston*, 4 Comst. 208; *Stackpole* v. *Arnold*, 11 Mass. 27; *Bradlee* v. *Boston Glass Manuf. Co.* 16 Pick. 347.

DEWEY, J. The only ground of objection to maintaining the present action is, that the acceptance of this order by the defendants created a liability on the same solely in favor of D. A. Neale, and one that could be enforced only by an action in his name. This is said to result from the nature of the draft accepted by the defendants. It is said that the name of the plaintiffs does not appear on the face of the paper, as the payees thereof; and that no oral evidence can be properly admitted to show that they were the real party in interest, and that D. A. Neale was merely their agent, contracting in their behalf.

To a certain extent, and under some circumstances, the adju-dicated cases seem to furnish abundant authority to the point, that where a contract is made with an agent, the principal may sue thereon in his own name. Thus in *Skinner* v. *Stocks*, 4 B. & Ald. 437, it was held that an action might be maintained either in the name of the person with whom the contract was made, or in the name of the party really in interest. In *Sims* v. *Bond*, 5 B. & Ad. 393, and 2 Nev. & Man. 616, Lord Chief Justice Den-man says : " It is a well established rule of law, that where a contract, not under seal, is made with an agent in his own name, for an undisclosed principal, either the agent or the prin-cipal may sue upon it; the defendant, in the latter case, being entitled to be placed in the same situation, at the time of the disclosure of the real principal, as if the agent had been the contracting party." In Paley on Agency, (3d Amer. ed.) 324, we find the same principle stated, that the principal may sue in his own name to enforce rights acquired by his agent in a course of dealing in his behalf. Angell & Ames on Corp. § 316, is to the same effect.

We may assume it to be quite clear and well supported by authority, that in the case of oral contracts the principal may sue in his own name upon a contract made with his agent. It is equally well settled that the same rule applies to cases of sales by written bills, or other memoranda made by the agent, using his own name, and disclosing no principal. *Huntington* v. *Knox*, 7 Cush. 371. *Edwards* v. *Golding*, 20 Verm. 30. *Hubbert* v. *Borden*, 6 Whart. 79. *Salmon Falls Manuf. Co.* v. *Goddard*, 14 How. 454, 455. In *Wilson* v. *Hart*, 7 Taunt. 260, Park, J. says, " It is the constant course to show by parol evidence whether a contracting party is agent or principal." In *Potter* v. *Yale College*, 8 Conn. 60, Chief Justice Hosmer says, " I admit the principle, that where an agreement is made with an agent, for the sole and exclusive benefit of his principal, the principal has the legal interest."

In the case of *Beckham* v. *Drake*, 9 M. & W. 79, this subject was much considered in the very full arguments of the counsel, as well as in the several opinions given by the members of the

court; and the result was, that it was held, that the parties really contracting are the parties to sue in a court of justice, although the contract be in the name of another, and that this rule was to be applied not only to oral contracts, but to cases of ordinary mercantile contracts in writing. Parke, B. says: "The case of bills of exchange is an exception, which stands upon the law merchant; and promissory notes another, for they are placed on the same footing by the statute of Anne." 9 M. & W. 96.

It is unnecessary, in the present case, to decide whether, upon a mere naked written promise, made with one person, without any reference in the instrument to an agency, the action, upon proof of such agency in fact, might be maintained in the name of the principal. We are aware that it is contended that the promise is directly and exclusively a promise to D. A. Neale, and that the addition of "president of the Eastern Railroad Company" must be rejected as merely *descriptio personæ*. But this position, we think, is not maintainable. This written instrument may properly be held to disclose an agency, and to indicate enough to authorize an action in behalf of the railroad company, upon actual proof that the bargain was made on their account.

The case of *Commercial Bank* v. *French*, 21 Pick. 486, strongly illustrates and sustains this view. That was an action on a promise to pay "the cashier of the Commercial Bank;" and the objection taken was, that the action could only be maintained in the name of the cashier. But it was held, that such description sufficiently indicated the contract to be one in which the bank was the party in interest and authorized to maintain the action in its own name. It is true that the promise was there made "to the cashier," and not to "A. B., cashier of the Commercial Bank;" and some importance was given, in the opinion, to that circumstance; but the principle upon which the opinion was based would equally have applied to the case of a promise to "A. B., cashier," &c. It was said by the court: "The principle is, that the promise must be understood according to the intention of the parties. If in truth it be an undertaking to the corporation, whether by a right or a wrong name, whether

the name of the corporation or some of its officers be used, it should be declared on and treated as a promise to the corporation." 21 Pick. 490, 491.

In *Pigott* v. *Thompson*, 3 Bos. & Pul. 141, where commissioners for draining certain lands were authorized to receive tolls, and the defendant had agreed in writing to pay " to the treasurer of the commissioners " certain tolls, it was held, that the action was properly brought in the name of the commissioners.

In the case of *Trustees of Ministerial & School Fund in Levant* v. *Parks*, 1 Fairf. 441, it was held, that a note of hand, made payable to an individual, as treasurer of a corporation, might properly be sued in the name of the corporation ; and in *State* v. *Boies*, 2 Fairf. 474, it was held, the action was properly brought in the name of the State of Maine upon a note given " to James Irish, land agent of Maine." In the case of *Garland* v. *Reynolds*, 20 Maine, 45, which was an action brought upon a note given " to Enoch Huntington, treasurer of the committee of the surplus revenue," it was held, that the action might be maintained in the name of the town for which the committee were acting.

In *Vermont Central Railroad* v. *Clayes*, 21 Verm. 30, an action upon a note of hand, payable to " the Commissioners of the Vermont Central Railroad Company," the consideration of which was a subscription for shares in that company, was maintained in the name of the company, to whom the note had been delivered by the commissioners. And in *Rutland & Burlington Railroad* v. *Cole*, 24 Verm. 33, upon a note of hand payable " to the order of Samuel Henshaw, treasurer," &c., it appearing by other evidence that Henshaw was treasurer of the corporation, and that the consideration of the promise proceeded from the corporation, the action was held well brought by them.

The defendants have referred to the case of *Moss* v. *Livingston*, 4 Comst. 208, as adverse to the maintenance of the present action. That was an action brought by an indorsee of a bill of exchange accepted by " John R. Livingston, president Rosendale Manufacturing Company," and he was held personally

liable. Many cases will be found of that character; and in reference to negotiable instruments, the doctrine seems to be maintained by numerous adjudications, that, in such cases, for the purpose of charging the party who has thus signed his own name, the addition of "treasurer" may be rejected as mere *descriptio personæ.* That case is not however a parallel one with the present; as here no third party is sought to be charged, and the only inquiry is, whether enough appears upon the face of the instrument to authorize the real party in interest, upon fully showing that interest, to sue in his own name.

That the corporation may be held liable upon a note signed by " G. L. Chandler, treasurer of the Dorchester Turnpike Corporation," upon its appearing that it was the real contract of the corporation, was the doctrine of our own case of *Mann* v. *Chandler,* 9 Mass. 336. The cases of *Gilmore* v. *Pope,* 5 Mass. 491, and *Taunton & South Boston Turnpike* v. *Whiting,* 10 Mass. 327, in both of which this court held that an action might be maintained by a corporation upon a written contract promising to pay their agent, are more directly in point; as they are cases where the question arose upon the right of the plaintiffs to sue upon the contract, which is the present case.

More reliance was placed by the defendants upon the case of *Stackpole* v. *Arnold,* 11 Mass. 27. The notes, the subject of that action, were signed by Zebedee Cook, some by his own name, and one by the name of Cook & Foster, a house in which he was a partner; and contained on their face no allusion to John Arnold, the defendant, as a principal, nor any thing indicating an agency in his behalf. They were negotiable notes, as appears by a recurrence to the files in that case, although not so stated in the printed report. It was an attempt to charge a third party whose name did not appear in the instrument. The question was as to the competency of oral evidence to show that the notes were given for premiums on policies of insurance, procured at the request and for the use of the defendant, on property belonging to him; and that the party signing the notes acted as agent of the defendant merely. The objection taken, and sustained by the court, was, that oral testimony could not be re-

ceived to control and vary the written contract, so as to make them the notes of Arnold. The rule of law was stated to be that " no person, in making a contract, is considered to be the agent of another, unless he stipulates for his principal by name, stating his agency in the instrument which he signs." It was further stated that no person could be charged as the maker of any written contract signed by another, unless the signer professed to act by procuration or authority, and stated the name of the principal on whose behalf he made his signature. 11 Mass. 29. This last position must be taken with some qualification..

But the doctrine of *Stackpole* v. *Arnold* is not to be applied to this case, for two reasons : 1st. Because that was a case of a naked signature of the name of the party signing, without any, even the slightest, indication that it was made in behalf of another person. 2. It was a negotiable promissory note, as to which a distinction prevails in the introduction of oral evidence to show a party in interest whose name is not disclosed on the face of the note. We have no reason to suppose that the court, in the opinion given in that case, intended to overrule their own previous decisions in the cases of *Gilmore* v. *Pope,* and *Taunton & South Boston Turnpike* v. *Whiting,* above referred to.

Looking at the present case in reference to the weight of judicial authority, and fully conceding that there has not been an entire uniformity of the authorities as to the point now in issue, we have come to the opinion that, in a case like the present, of an instrument not negotiable, given in the form in which this is, the plaintiffs, the real parties in interest, may maintain an action thereon in their own name.

*New trial ordered.*