RICHARD BARRINGTON *v.* THE MISSISSIPPI CENTRAL RAILROAD COMPANY.

1. CORPORATION : SUBSCRIPTION FOR STOCK IN.—The payment of one per cent. on the amount of their stock required by the charter of the Mississippi Central Railroad Company, of persons making subscription for stock, need not be contemporaneous with the act of subscribing; a payment made anterior to that time, is sufficient to make the contract valid.

2. JUDGMENT: CANNOT BE CERTIFIED IN BILL OF EXCEPTIONS.—The judgment of the Circuit Court on a motion for a new trial being by law a part of the record, cannot be certified to this court through the medium of a bill of exceptions.

Barrington *v.* Mississippi Central R. R. Co.

In error from the Circuit Court of Madison county. Hon. E. G. Henry, judge.

The defendant in error, brought an action in the court below, against the plaintiff in error to recover certain instalments which they alleged that the plaintiff in error owed on his subscription for stock in that company. The defendant below resisted the recovery, upon the ground that he had never made any valid subscription for the stock of plaintiff's company. It appeared by the evidence that the defendant, in the year 1853, had subscribed for five shares of the stock of plaintiff's company, and had at the time of subscription paid one per cent. thereon. This subscription, with numerous others, being conditional, it was afterwards deemed advisable by the plaintiff to procure from the subscribers a re-subscription of the stock without any conditions. Re-subscriptions were accordingly, in 1854, obtained from those who had made the conditional subscriptions in 1853, and among others the defendant re-subscribed for the five shares which he had taken on condition in 1853. At the time of the last subscription he did not make any payment, and it did not appear that the one per cent. paid in 1853, had ever been refunded to him.

The Circuit Court at the instance of the plaintiff, instructed the jury that the payment of the one per cent. in 1853, was sufficient to bind the defendant, on his re-subscription in 1854, and verdict and judgment were rendered for the plaintiff.

No bill of exceptions was taken during the progress of the trial; but the bill taken to overruling of defendant's motion for a new trial, *recited* that certain exceptions were taken. No judgment of the court on the motion for a new trial appeared, except the recital in the bill of exceptions, that it was made and overruled.

The defendant below prosecutes this writ of error.

Justices Handy and Fisher, being stockholders in the Mississippi Central Railroad, and incompetent to try the cause, the governor commissioned the Hon. William L. Harris and Daniel Mayes, Esq., special judges to sit with the chief justice, and hear and determine the same, and it was accordingly so heard and determined.

*Lawson* and *Lucket,* for plaintiff in error.

*Davis* and *Hill*, for defendant in error.

W. L. HARRIS, special judge, delivered the opinion of the court.

From the record in this case it appears that no exceptions were taken in the progress of the trial. After the verdict of the jury, it is *recited*, that the defendant moved the court for a new trial, but neither the judgment of the court on such motion, nor even the motion itself is contained in the record, except as recited in the bill of exceptions.

In the case of *Moody* v. *Nichol*, 26 Miss R. 109, it is held that the judgment of the Circuit Court is by law, a part of the record, and cannot be certified to this court through the medium of a bill of exceptions. It is therefore unnecessary to examine the bill of exceptions, and the points raised under it, on the motion for a new trial.

The record however contains the instructions granted, and those refused by the court below, duly noted and certified by the clerk, and made by the statute a part of the record in the cause.

The two instructions asked for by the plaintiff below, assert the proposition, that a payment made *anterior* to the subscription for stock of the one per cent. required by the charter, is a valid payment; that it was originally made to the company on an invalid subscription for stock, which was subsequently corrected by re-subscription, cannot affect the validity of the re-subscription.

The company having received the one per cent., and holding the same, at the time of re-subscription and since, had no right to deny to the defendant below its application to the re-subscription.

We think there was no error in these instructions. Two instructions were asked for the defendant below, only the first of which was refused by the court. This instruction proposed to limit the *time* of payment of the one per cent. required by the charter, to the very date of the valid subscription in 1854. A payment of this one per cent., either at the time of subscribing or before that time, with the intention thereby to comply with the requisitions of the charter, we have already seen, was sufficient; there was therefore no error in refusing this instruction.

Let the judgment be affirmed.

DANIEL MAYES, Esq., special judge, dissented from so much of the foregoing opinion, as held that the exceptions did not appear to have been taken during the progress of the trial, and that the motion for a new trial and the judgment of the court thereon was not legitimately a part of the record. As to the other points he concurred in the opinion.