The motion for a nonsuit was made upon the single ground that it was not proved that the plaintiff was a corporation. The subscription book introduced and proved, signed by the defendant, distinctly recites and declares the formation and existence of a corporation organized under the general railroad act, "under the corporate name of the Black River and Utica Railroad Company," and that the articles of association, and the necessary affidavits showing due compliance with the law, had been duly filed. This must be sufficient proof of the corporate character of the plaintiff as against the defendant. By his subscription to this paper he recognized the corporate character of the plaintiff, and became a stockholder in such corporation. He is estopped, by his own acts and admissions, from denying thereafter the corporate character of the plaintiff. Judge THOMPSON, inDutchess Cotton Factory v. Davis (14 Johns., 245), said of a defendant sued like the defendant in this action, upon an installment due upon his subscription to the stock of the company: "The defendant having undertaken to enter into a contract with the plaintiffs, in their corporate name, he therebyadmits them to be duly constituted a body politic and corporate, under such name." The soundness of this rule of evidence has been asserted in numerous cases. (Palmer v.Lawrence, 3 Sandf., 170; Steam Navigation Company v. Weed,
17 Barb., 382.) It was questioned in Welland Canal Company v.Hathaway (8 Wend., 480), but that case did not present the point between a corporation and one of its own stockholders. This is a case like that in 14 Johnson (supra), of an action by the corporation against a stockholder, upon his subscription to its stock. In such case I think the rule stated by Judge THOMPSON, in the Dutchess Cotton Factory v. Davis (supra), the true one, and should apply. *Page 210 
The admission, in the defendant's subscription, of the existence of the corporation, we think, should be held conclusive against him in such an action. The motion for a nonsuit was therefore properly denied.
The remaining exception discussed, arises upon the offer to prove by the defendant, that at the time of his subscription to the stock, he paid nothing, although subsequently he paid four hundred dollars, in cash, on account thereof.
The defendant's subscription not having been made to the articles of association for the purpose of organizing the company, or made previous to the filing of such articles, it was essential that the ten per cent be paid before it became a valid subscription.
His subscription was under the fourth and not under the first section of the general railroad act. This section requires the payment of ten per cent by each subscriber, upon the amount subscribed by him, at the time of subscribing.
The intent of this section doubtless was, that no subscription should be valid until ten per cent was paid thereon, and not that it should be invalid if a short interval occur between the actual subscription and the payment of the money. The subscription and the payment of the ten per cent must both concur to make a valid subscription. The subscription one day, with payment the next, would satisfy the statute, and so would actual payment at any period after subscription, with intent to effectuate and complete the subscription. The writing of the name in the subscription book, should be deemed but part of the transaction, and provisional or conditional till the ten per cent is paid. But after the payment of ten per cent, and certainly after the payment of forty per cent on the subscription, the statute requirement on this point must be deemed fully complied with by the defendant. We think this exception not well taken, and that the judgment below should be affirmed.
Judgment affirmed. *Page 211