THE MINNEAPOLIS AND ST. LOUIS RAILWAY CO.

*vs.*

JOEL B. BASSETT.

Plaintiff's charter provides that its capital stock "shall be divided into shares of one hundred dollars each, and five dollars on each share shall be paid at the time of subscribing. Defendant, after the plaintiff's incorporation and organization, subscribed for ten shares of said stock, but has paid nothing thereon. *Held*, that defendant's omission to make the payment of five dollars per share, furnishes no defense to this action, which is brought to recover the price of the shares by him subscribed for.

Appeal from an order of the district court for Hennepin county, overruling a demurrer to the complaint. The case is stated in the opinion.

LOCHREN, MCNAIR & GILFILLAN, for Appellant.

ATWATER & BABCOCK, for Respondent.

*By the Court.*—BERRY, J.—This action is brought to recover the subscription price of ten shares of the capital stock of the Minneapolis and St. Louis Railway Co., which were subscribed for by defendant after the incorporation and organization of said company.

Section 3 of plaintiff's charter, (*Laws*, 1853, *chap.* 10 ; *Col.*

*Stat. p.* 143,) enacts that " the capital stock of said corporation shall be two million of dollars, and shall be divided into shares of one hundred dollars each, and five dollars on each share shall be paid at the time of subscribing." The defendant has paid nothing upon his subscription, and it is contended that this fact is a complete defense to this action. In support of his defense, the defendant cites *Jenkins vs. Union Turnpike Co.* 1 *Caine's Cases in Error,* 86 ; *Highland Turnpike Co. vs. McKean,* 11 *Johns.* 98 ; *Crocker vs. Crane,* 21 *Wend.* 211; *Beach vs. Smith,* 30 *N. Y.* 116 ; *Black River & U. R. R. Co. vs. Clarke,* 25 *N. Y.* 208; *Hibernia Turnpike Co. vs. Henderson,* 8 *S. & R.* 219 ; *Charlotte & S. C. R. Co. vs. Blakely,* 3 *Strobhart,* 245 ; *Barrington vs. Miss. Central R. Co.* 32 *Miss.* 370.

*Highland Turnpike Co. vs. McKean,* and *Crocker vs. Crane* follow and rest upon *Jenkins vs. Union Turnpike Co.,* as to which case it is said, in *Highland Turnpike Co. vs. McKean,* to be " a little difficult to ascertain the point upon which the court of errors grounded their decision ;" while in the *Rensselaer and Washington Plank Road Co. vs. Barton,* 16 *N. Y.* 457, Selden J. remarks that " it may well be doubted whether the reasoning upon which it was based, is sound, and whether, were the question to be again directly presented, this court would feel bound to follow it." The case is also mentioned with disapproval in *Piscataqua Ferry Co. vs. Jones,* 39 *N. H.* 491, in *Vt. Central R. Co. vs. Clayes,* 21 *Vt.* 35, and in 1 *Redfield on Railways,* (3d *Ed.*) 189, *and note.* See also, *Angell & Ames on Corporations, sec.* 529.

In all of these cases, (*Jenkins vs. Union Turnpike Co., Crocker vs. Crane, Highland Turnpike Co. vs. McKean,*) the payment not made, was required by statute to be made, before, and, as is said in *Crocker vs. Crane,* as a condition precedent of, corporate existence ; while in *Beach vs. Smith,* 30 *N. Y.* 132, Mullin, J. observes that the opinion of the chancellor in *Jen-*

*kins vs. Union Turnpike Co.* was, that if in that case the subscription, though unaccompanied by any payment, had been made after the organization of the corporation; it would have been valid.

In *Beach vs. Smith*, and in *Black River & Utica R. Co. vs. Clarke*, the statute expressly forbade a subscription to be taken without payment of ten per cent. In *Charlotte & S. C. R. Co. vs. Blakely*, a subscriber was required to pay to the commissioners receiving subscriptions, *as a basis of corporate organization*, an instalment of five dollars on each share, and the statute distinctly provides that " on non-payment of said instalment, the subscription shall be void," and a similar state of facts is presented by *McReu vs. Russel*, 12 *Iredell's Law*, 224.

In *Hibernia Turnpike Co. vs. Henderson*, commissioners were appointed by an act of assembly, to take subscriptions, before, and as the ground upon which, letters patent were to be issued by the governor, erecting the subscribers into a body politic and corporate. The act contained this proviso, " Provided always that every person offering to subscribe, * * shall previously pay to the attending commissioners the sum of five dollars for each and every share to be subscribed." The court held that the commissioners were ministerial officers, acting under a limited authority, that the payment of five dollars on the share was a condition precedent to subscription, that " it was flying in the face of the law, under which they drew their breath," for the commissioners to receive a subscription without the payment, and that therefore the contract of subscription was illegal and could not be enforced. In *Everhart vs. Westchester & Phila. R. Co.* 28 *Penn. St.* 339, (in which the requirement as to payment was like that in *Hibernia Turnpike Co. vs. Henderson*,) it is held that a subscriber who transfers his stock to another, and treats it as valid, is estopped from denying that the payment necessary to give his subscription

VOL. XX.—68

validity, was made.  It is difficult to see how this conclusion could be supported, if it was the intention to adhere to and sanction all that is said, *arguendo* and otherwise, (of which we have quoted but little,) in *Hibernia Turnpike Co. vs. Henderson.*  On the contrary, it seems to us that the case of *Erie and Waterford Plank R. Co. vs. Brown,* (25 *Penn. St.* 158,) favors the doctrine that a subscription of the kind then before the court, is voidable rather than void, irregular rather than illegal.  And a like remark is applicable, in our opinion, to the cases of *Centre, &c. Turnpike Co. vs. McConaby,* 16 *S. & R.* 140 ; *Greenville, &c. R. Co. vs. Woodsides,* 5 *Richardson's Law,* 148.

As to *Barrington vs. Miss. C. R. R. Co.,* the last case cited by defendant, the point raised here was not there considered or passed upon.

From this brief review, we think it will appear that the authorities cited by defendant hardly sustain his position.

In this case, the subscription was made, as is alleged in the complaint and admitted by the demurrer, after the plaintiff's incorporation and organization.  The plaintiff's charter does not forbid the taking of subscriptions without concurrent payment of five dollars upon each share, nor does the charter declare that subscriptions made without such payment shall be void.  In our opinion, the plaintiff's charter, in providing that "five dollars on each share shall be paid at the time of subscribing," while it confers upon plaintiff the right to insist upon the payment, does not make the successful exercise of this right indispensable to the validity of a subscription.  The provision is a privilege for the benefit of the company, and, whatever may be imagined, there is no satisfactory reason for supposing that the legislature had any other object in enacting it.

If it were necessary to account for the purpose of the legislature in granting this privilege, it might be said that one

Minneapolis and St. Louis Railway Co. v. Bassett.

purpose was, to enable the company to collect small instalments upon the stock, (enough perhaps for some preliminary expenses,) without the necessity of making a formal call, upon thirty days notice, as required by section six of the charter.

If we are right in the opinion that this provision was made for the plaintiff's benefit, we can conceive of no reason why, in accordance with the familiar maxim, the plaintiff may not waive the privilege thus conferred upon it. If the plaintiff sees fit to accept the subscription, without requiring the concurrent payment which it is authorized to require, this is a waiver of its right to insist upon such payment, a waiver to which the subscriber assents and agrees by the very act of subscription without concurrent payment. In the absence of any rule of law or provision of statute, forbidding a waiver, or invalidating any subscription made upon a waiver, this indulgence upon the part of the company cannot be turned against it, as a defense to an action to recover the subscription price of shares.

These views are sustained by the following authorities: *Haywood and Pittsboro Plank Road Co. vs. Bryan*, 6 *Jones*, (*Law*,) 82; *Piscataqua Ferry Co. vs. Jones*, 39 *N. H.* 491; *Wright vs. Shelby R. Co.*, 16 *B. Monroe*, 4; *Henry vs. Vermillion, &c., R. Co.*, 17 *Ohio*, 187; *Vicksburg R. Co. vs. McKean*, 12 *La. Ann.* 638; *Vt. Central R. Co. vs. Clayes*, 21 *Vt.* 35; *Mitchell vs. Rome R. Co.*, 17 *Ga.* 591; 1 *Redfield on Railways*, 3d Ed. 189 *and note*.

If the subscription is not void for the subscriber's failure to pay five dollars per share at the time of subscribing, but it is competent for the company to waive such payment, it further follows that there is no want of mutuality to support the subscription. The subscription would in such case, so far as the point of mutuality is concerned, stand upon the same footing as if such payment were not provided for in the statute at all. The subscriber would, by his subscription, become a

stockholder, and a member of the company. The interest thereby acquired by him would be a sufficient consideration to support an action against him for the price of his shares. And on the other hand, by becoming such stockholder, the subscriber would acquire a right to the shares, which the company would be under an obligation to give him. *Vt. Central R. Co. vs. Clayes*, 21 *Vt.* 34. 1 *Parsons on Contracts*, 453.

Order overruling demurrer affirmed.