Excelsior Grain Binder Company agt. Stayner.

---

## SUPREME COURT.

THE EXCELSIOR GRAIN BINDER COMPANY, LIMITED, agt. GEORGE H. STAYNER.

*Stock — Subscription and payment both necessary to make a complete contract on which action may be maintained.*

Where, in an action to recover on subscription to stock, it appeared that the only payment made by the defendant at the time of the subscription was by giving his check for the ten per cent required by statute, payment of which was stopped, and it still remains uncollected in the possession of the company:

*Held,* that this did not legally amount to a payment of "ten per cent of the par value of the stock subscribed in cash," as required by the statute, and that it gave no interest in the stock and the company could not sustain an action for the cause.

An actual payment is needful to make a complete contract, though not necessarily to be made at the time of the subscription

*New York Circuit, January,* 1880.

· ACTION to recover $5,000 on subscription to stock; defense, no subscription, for reasons stated in opinion.

*B. F. Dunning, Kobbe & Fowler* and *J. T. Worthington,* for plaintiff.

*D. M. Porter,* for defendant.

BEACH, *J.* — The only payment made by the defendant at the time of the subscription was by giving his check for the ten per cent required by the statute (*See Laws of* 1875, *chap.* 611, *sec.* 5). Payment of the check was stopped, and it still remains uncollected, in the possession of the company. I am unable to conceive how this transaction can legally amount to a payment of " ten per cent of the par value of the stock subscribed, in cash;" there has no money been realized, and none came to the treasury of the company.

In *Jenkins* agt. *President, &c., of the Union Turnpike Road* (1 *Caine's Cases in Error*), the mere subscription, where a part of the amount of each share is ordered to be paid at that time, and none is paid, gives no interest in the stock, and the company cannot sustain an action for the cause. The court says: " The commissioners were directed to exact from the persons who were to be admitted members of the corporation both subscription and payment as a condition precedent to their admission. If they omitted either to subscribe or to pay, they did not come within the terms of admission. If so, the bare act of subscription was wholly nugatory."

The same principle is adjudicated in *The President, &c., Highland Turnpike Company* agt. *McKean* (11 *Johnson,* 98).

It is not needful that the payment should be made at the time of subscribing (*Black River and Utica R. R. Co.* agt. *Clarke,* 25 *N. Y.,* 208; *Ogdensburgh, &c., R. R. Co.* agt. *Wooley,* 3 *Abbott's Court of Appeals Decisions,* 398; *S. C.,* 1 *Keyes,* 118; *Beach* agt. *Smith,* 30 *N. Y.,* 116).

From these authorities may be deduced that a payment of

the ten per cent at the same time is not needful to render the contract complete.

In *Black River and Utica Railroad Company* agt. *Clarke* (*supra*), the section of the act required the payment of ten per cent by each subscriber, upon the amount subscribed by him, at the time of subscribing. I see no material difference between the enactment and the one governing the case at bar. The court says : " The intent of this section, doubtless, was that no subscription should be valid until ten per cent was paid thereon. The subscription and the payment of ten per cent must both concur to make a valid subscription." In the *Ogdensburgh, &c., Railroad Company* agt. *Wooley* (*supra*), notes, including the ten per cent, were given by the defendant ; after the subscription they were discounted at a bank by the company, and collected of the defendant by the bank. The fact of the per centage having actually been paid by the defendant, passed into the treasury of the company, sustained the judgment. The court say, in referring to their decision here cited : " The cases, in effect, decide that there must be both a subscription and payment of money to make a binding contract, but that these acts need not be simultaneous, the statute being satisfied by a subsequent actual payment or receipt of the money. Again, if the directors did not exact the money, and the subscriber omits to pay at the time of the subscription, it is the doctrine of former cases in this court that the contract remains incomplete, and of no binding force. If, however, the money be subsequently paid, the statute is complied with." I conclude from these adjudications that an actual payment is needful to make a complete contract, though not necessarily to be made at the time of the subscription.

The learned judge in the above case did express an opinion that the statute provisions might be regarded as intended for the benefit of the company, and therefore capable of being waived by them at the request of the subscriber. But it is significant that a majority of the court did not concur in that view, and the text of that portion of the opinion is omitted.

I have not considered the question whether or not the plaintiff can maintain an action upon the defendant's check, nor what effect the collection of the check would have on an action subsequently brought to recover the stock subscription.

A judgment dismissing the complaint, with costs, is directed.

## *SUPREME COURT.