## STATE INS. CO. OF MISSOURI *v.* REDMOND, Assignee, etc.

*(District Court, E. D. Arkansas.  ———, 1880.)*

1. CORPORATION—SUBSCRIPTION—PAYMENT.—A corporation, whose charter and by-laws require each subscriber to its capital stock to pay a given per centage of his subscription in cash at the time of subscribing, cannot enforce payment of a subscription where the required cash payment has not been made.

CALDWELL, D. J. The plaintiff filed with the register proof of a claim against the estate of the bankrupt, which was allowed. Afterwards, on re-examination of the claim, under rule 34 of General Orders in Bankruptcy, the same was disallowed and expunged by the register. This order of the register is before the court for review, on special petition for that purpose.

The bankrupt subscribed for ten shares, of $100 each, to the capital stock of the plaintiff. The charter of the company, at the date of this subscription, contained this provission: "For the better security of policy holders the said company may add a stock capital, not less than $100,000, nor more than $600,000, which may be increased by a majority vote of the stockholders to any amount not exceeding $1,000,000. Said stock shall be divided into shares of $100 each, and at least $20 shall be paid in cash on each share, and the remaining 80 per cent. shall be secured by mortgage on real estate, worth at least double the amount secured, or by a note with two responsible sureties, or by deposit of United States or other approved bonds or stocks."

Article 23 of the by-laws of the company provided that "stockholders of the State Insurance Company of Missouri will be required to pay 20 per cent. in cash on the amount subscribed, as follows, viz.: Ten per cent. in cash at time subscription is made, 5 per cent. in thirty days thereafter, and 5 per cent. in sixty days thereafter," and the remaining 80 per cent. to be secured in the manner provided in the charter.

The subscription contract signed by the bankrupt contained a provision on the subject of the payment of the subscription identical with the by-laws above quoted.

The bankrupt paid no part of his subscription in cash at the date of subscribing, and has never paid anything thereon. Of even date with his subscription he executed two notes to the company: one for $200, being 20 per cent. of the amount of his subscription; and one for $800, with one surety, for the remaining 80 per cent. The latter note recites that it is given in consideration of a "certificate of stock, No. 542, for ten shares of the capital stock" of the company.

The proof of debt is based on the note for $800, and alleged calls made thereon amounting to $700. The bankrupt never received the certificate of stock mentioned as the consideration for the $800 note; the company witholding it on account of the non-payment by the bankrupt of the $200 note given for 20 per cent. of his subscription.

A fair interpretation of the charter requires 20 per cent. of each subscription to be paid in cash at the time it is made. The by-laws and subscription contract in terms require 10 per cent. of all subscriptions to be paid in cash at the time of subscribing.

A corporation is the mere creature of law, and its power to do business and make contracts is limited by its charter. Powers not conferred by its charter, or by necessary implication, cannot be exercised. It can bind itself, and others can become bound to it, only in the mode prescribed by the law of its creation, and such by-laws as it may lawfully enact. *Pearce* v. *M. & I. R. Co.* 21 How. 441. And, where the charter and by-laws of a corporation require subscribers to its capital stock to pay a given per centage of their subscriptions in cash at the time of subscribing, the subscription, without such payment, creates no binding obligation. "Each subscriber must pay as a condition precedent to his own liability attaching." *Crocker* v. *Crane*, 21 Wend. 211.

"The subscription and the payment of the 10 per cent. must both concur to make a valid subscription. The writing of the name in the subscription book should be deemed but part of the transaction, and provisional or conditional until the 10 per cent. is paid." *B. R. & U. R. Co.* v. *Clark*, 25 N. Y. 208; *Beach* v. *Smith*, 30 N. Y. 116.

The subscription was not binding on the company. Its agent transcended his authority and exceeded the powers of his principal in taking the subscription on the terms that he did, and the subscriber acquired no rights under it that he could enforce against the will of the company. It did not bind the company, and imposed no obligation on the bankrupt.

"Every contract, where the consideration is promise for promise, must be obligatory on both parties, or both will be at liberty to recede. The company could introduce no one as a member in any other way than that pointed out in the act of incorporation; and even if it could it would be required that the defendant's title should have been good when he subscribed, otherwise the contract would be without mutuality;

and if he acquired no right, which he could enforce against the will of the plaintiff, he incurred no responsibility." Per Chief Justice Gibson, *Hibernia Turnpike Co.* v. *Henderson,* 8 S. & R. 217; and to the same effect are *Jenkins* v. *Union Turnpike Co.* 1 Cain's Cases, 86; *Highland Turnpike Co.* v. *McKean,* 11 John. 98.

The plaintiff cannot treat the $200 note given for 20 per cent. of the subscription as cash, because it has not been paid; nor can it waive the payment of the 20 per cent., because it has no authority under its charter to receive subscriptions for less than the par value of the stock. When the capital stock of a corporation was divided into shares of $50, and there was nothing in the charter which prohibited the directors from disposing of the stock for less than $50 a share, it was held that an arrangement by which the directors of the corporatoin disposed of shares for a less sum was in violation of the charter, and that a promissory note given for stock so disposed of was void. Justice McLean, delivering the opinion of the court, says: "It is said there is nothing in the charter which prohibits the directors from taking subscriptions of stock for less than $50 a share. No such provision was necessary. The duties of the directors are plainly pointed out in the charter, and as these powers were wholly derived from that instrument it was not necessary to prohibit them from doing that which their charter did not authorize them to do. The charter fixed the rates at which the shares should be subscribed. This is matter of law.  *  *  *  The subscription of stock by plaintiff for less than the price of the shares fixed in the charter was void, as against law and the powers of the directors." *Sturges* v. *Stetson,* 1 Biss. 246; and see *Fosdick* v. *Sturges,* Id. 255.

The bankrupt received no certificate of stock, never paid any part of his subscription, and has done nothing to estop him or his assignee from setting up this defence. The subscription was not taken in conformity to the requirements of the plaintiff's charter and by-laws, and imposed no obligation on the company or the bankrupt that can be enforced against the will of either.