STODDARD and others *vs.* THE ONONDAGA ANNUAL CONFER-- ENCE OF THE METHODIST PROTESTANT CHURCH.

Where the action purports to be against a corporation, and the answer denies that the defendant is incorporated, the plaintiffs, in alledging the incorporation of the defendant, in reply to such answer, need not specify how or when, or for what purpose, such defendant was incorporated; or give the date or title of the act of incorporation.. A general allegation of the due incorporation is sufficient. Every thing beyond is matter of evidence on the trial.

In such a case, where there is no direct allegation in the complaint that the defendant is incorporated, and nothing to show the character of the defendant, except what the name in the title of the action imports, an answer of *nul tiel corporation* is unnecessary and improper. But the objection can only be taken by special demurrer. It is not a defect of substance.

A party whose pleading is demurred to, may now go behind it, and attack the previous pleading of his adversary, when it is defective in substance, and have judgment, as formerly, in his favor, notwithstanding the defects in the pleading demurred to.

The new matter constituting a defense in an answer under the code, means some fact which the plaintiff is not bound to prove, in the first instance, to establish his cause of action, and which goes in avoidance or discharge of the cause of action alledged in the complaint.

The rule in regard to the facts proper to be pleaded, has not been essentially changed or modified by the code, except as to those matters which might formerly be proved under the general issue, to defeat the action. It is only the material allegations in a complaint which the defendant is under the necessity of controverting to prevent their being taken as true; not casual inferences.

In an action against a corporation, in the nature of assumpsit, the plaintiff, to

sustain his action, must prove either that the defendant contracted as a corporation, so as to create an estoppel, or that such defendant is in fact incorporated, and capable of incurring the indebtedness, so as to raise an implied assumpsit.

The revised statutes changed the rule in cases where a suit was brought *by* a corporation, only. Where the corporation is defendant, the rule remains as it stood formerly.

*It seems*, that a corporation is held to greater strictness in pleading, where it is sued, and undertakes to justify under its charter, than when it sues.

THE plaintiffs in their complaint alledged that the defendant was indebted to them in the sum of $125,75, together with interest, on an account for printing paper, goods, wares and merchandise, sold and delivered to the defendant. There was no allegation in the complaint that the defendant was a corporation, and nothing to indicate the character of the defendant, except the name in the title of the suit. The answer to the complaint set up, 1st. That the defendant was not a corporation organized under any of the laws of this or any other state, and was not liable to be sued by this name and style, or any other ; and 2d. Denied the sale of the goods, and the indebtedness, generally. To the first part of the answer, the plaintiffs replied that the defendant was a corporation, organized under the laws of this state, and as such liable to be sued by the name and style, &c. To the replication the defendant interposed a demurrer, and specified the following causes : 1st. That the reply purported to reply to the whole answer, and only replied to part. 2d. That it did not specify the act under which the defendant was incorporated, either by its title, or the date of its passage, or otherwise. 3d. That it did not specify or show for what purposes, or by virtue of what act or acts of the legislature, the defendant was incorporated.

*D. Wright*, for the plaintiffs.

*T. R. Strong*, for the defendant.

*By the Court*, JOHNSON, J. The replication does not purport to reply to the whole answer, but to the portion only which

Stoddard v. Onondaga Annual Conference.

denies specifically the incorporation of the defendant. It was wholly unnecessary for the plaintiffs, in their reply to the answer, to alledge any thing in regard to the time, or manner, or purpose, of the incorporation; or the title or date of the act. The reply, certainly in such a case as this, need not be more specific than a declaration in a suit brought by a corporation. And it is well settled that, in a suit by a corporation, the declaration need not set out or show how it was incorporated. Every thing beyond the general fact of incorporation, alledged in the declaration, necessary to maintain the action, being matters of evidence upon the trial. (*President, &c. U. S. Bank* v. *Haskins,* 1 *John. Cas.* 133. *Dutchess Cotton Manufactory* v. *Davis,* 14 *John. Rep.* 245. *Bank of Michigan* v. *Williams,* 5 *Wend.* 482. *Bank of Utica* v. *Smalley,* 2 *Cowen,* 770. 2 *Lord Raym.* 1535.) And, besides, in this case the fact of the incorporation is supposed to be more particularly within the knowledge of the defendant. And in such cases less strictness in averments was always permitted. · (1 *Chit. Pl.* 269. *The People* v. *Dunlap,* 13 *John. Rep.* 437.)

A corporation is held to greater strictness in pleading where it is sued, and undertakes to justify, under its corporate character, or title, than when it sues. (*Mellar* v. *Spateman,* 1 *Saund.* 339, *n.* 2.) But that does not affect the question here. The replication was therefore sufficient.

The plaintiffs' counsel attacks that part of the answer replied to, as setting up matter not pleadable. It is insisted that it is not *new matter constituting a defense,* within the meaning of the code, but strictly matter of evidence on the part of the plaintiff, upon the trial, to enable him to make out his right of action. This leads to a consideration of the system of pleading as established by the code of procedure. There can be no doubt, I apprehend, that the party whose pleading is demurred to, may now, as formerly, go back of such pleading and attack the pleading of his adversary, and that judgment will be given against the party committing the first error. But this is only in cases where the defect is one of substance, which would be

reached by general demurrer. Is this defence of *nul tiel corporation*, set up in the answer, *new matter constituting a defense*, within the meaning of section one hundred and forty-nine of the code? I think not.

It will be found, I am persuaded, on a careful attention to the few and simple provisions of the code, on the subject of pleading, that the former rule, as to the matters of fact which were, and which were not, properly pleadable, has not been essentially changed or modified, except as to matters in bar of the action, which might formerly be proved under the general issue. Before the code, it was well settled that any matter of defense which denied what the plaintiff was bound to prove in the first instance, on the general issue, or be nonsuited, was bad on demurrer, as amounting to the general issue. And so, generally, of matters which the defendant might prove under the general issue, on the ground that it led to unnecessary expense and prolixity. New matter constituting a defense, under the code, must be taken to mean, some fact, which the plaintiff is not bound to prove, in order to make out his cause of action, and which goes in avoidance or discharge of the cause of action alledged in the complaint. If the plaintiff is bound to prove a fact in order to establish his cause of action, not alledged in his complaint, the defendant need not alledge the contrary in his answer. He may controvert such fact upon the trial, on the introduction of the evidence by the other party, without any allegation in his answer upon the subject. Any allegation in the answer in regard to such matter would be entirely unnecessary and improper. But every matter of fact which goes to defeat the cause of action, and which the plaintiff is not under the necessity of proving in order to make out his cause, must be alledged in the answer; there being now no general issue under which it may be proved. This is new matter. It admits the cause of action alledged, as once existing, but avoids it. There is no allegation in the complaint in this case that the defendant is a corporation. The name, it is true, in the title of the action, imports a corporation; but that is not sufficient to obviate the

necessity of proof to establish the fact. (14 *John. Rep.* 245. 2 *Ld. Raym.* 1535, *before cited.*) The mere import of a name, in the entitling of an action, is no such material allegation in a complaint, as to require the defendant specifically to controvert it, to prevent its being taken as true, under section one hundred and sixty-eight of the code. It is the direct specific allegation of a material fact in a complaint, and not the mere remote or casual inference of a fact, which the defendant is called upon to controvert. There was, therefore, no necessity of the defendant denying the incorporation, in its answer, to prevent the fact being established without proof.

Actions can only be maintained against natural or artificial persons. And in order to make out a cause of action against a corporation, in the nature of assumpsit, it would be necessary for the plaintiff to prove, either that the defendant contracted as a corporation, so as to create an estoppel, or that such defendant was in fact incorporated, and capable of incurring the indebtedness, so as to raise an implied assumpsit. In this state, before the revised statutes, the plea of *nul tiel corporation*, to a declaration in a suit brought by a corporation, was uniformly held bad. (*Bank of Auburn* v. *Weed*, 19 *John. Rep.* 300. *Bank of Utica* v. *Smalley*, 2 *Cowen*, 770. *Wood* v. *Jefferson County Bank*, 9 *Id.* 194. *Dorman* v. *Long*, 2 *Barb. S. C. Rep.* 214.) Such is also the rule in England, although formerly it was otherwise. (1 *Chit. Pl.* 527, *9th Am. ed.*) There are many cases in our books in which this rule is asserted, but they are all, without a single exception, so far as they have come under my notice, cases in which the corporation was plaintiff, and bound to prove the fact of incorporation, in the first instance, to maintain the action. This rule was changed by the revised statutes, but only as to suits *brought by* a corporation. (2 *R. S.* 458, § 3.) Where corporations are sued, the rule is the same as it was before. There was, therefore, no necessity of this part of the answer, in any point of view. But the defect is not one of substance, and could only be reached by special demurrer. The plaintiff can not go back

and make it available to him on a demurrer by the defendant to his replication.

But the replication was sufficient, and the plaintiffs are entitled to judgment on the demurrer.

[MONROE GENERAL TERM, December 2, 1851. *Welles, Selden* and *Johnson*, Justices.]