## SUPREME COURT.

### ACOME agt. THE AMERICAN MINERAL COMPANY.

In a suit against a corporation, it is not necessary to set out in the complaint, or refer to the *act* of incorporation, or mention any of its officers.

A count for goods sold and delivered is good, *it seems*, without an allegation that the sale and delivery were at the request of the defendant. The contract of sale and delivery of goods, and a delivery thereof, imply an agreement.

Each cause of action must be separately stated in a complaint.

The common counts may be contained in one count, by stating that the defendant is indebted to the plaintiff in a sum large enough to cover all that is claimed; and, in consideration thereof, promised to pay such sum; and this, though there be distinct and different considerations stated as the ground of the promise. But where there were two contracts of sale and delivery, and each transaction—as to consideration, time, quantity, price, sum of the price, and interest therein—is stated separately, but in one count; the judge refused to order judgment for the frivolousness of a demurrer thereto, for not stating each cause of action separately.

*At Chambers, May* 7, 1855.

The plaintiff moved, under § 247 of the Code, for an order for judgment on account of the frivolousness of the demurrer. The complaint and demurrer thereto were as follows :—

" *Supreme Court, county of Essex:—John Acome* agt. *The American Mineral Company—complaint.*

" The complaint of the above named plaintiff respectfully shows to this court, that the above named defendant is an incorporated company, doing business at Moriah, in said county ;

and that the plaintiff sold and delivered to the defendant the following described goods and chattels, at the times and for the prices below specified for each article; that is to say, seventy-five cords of soft wood, and seventy-five cords of hard wood—in all one hundred and fifty cords—on or about the first day of March, 1855, for the price agreed upon, of one dollar and eighty-seven and one-half cents per cord, making $281.25; and ninety-one pieces of scantling on the 28th day of August, 1854, for the price agreed upon of nine cents apiece, amounting to $8.19—amounting in the whole to the sum of two hundred and eighty-one dollars and forty-four cents;, upon account of which, said goods and chattels, the defendant is, and remains indebted to the plaintiff in the sum of two hundred and sixty-four dollars and forty-four cents, with interest on $8.19 from August 28, 1854, and on $256.25 from March 1, 1855—for which sum and interest, with costs of this action, plaintiff demands judgment.

" J. F. HAVENS, *Plffs. Att.*"

" *Supreme Court:—John Acome* agt. *The American Mineral Company. Demurrer to Complaint.*

" The defendant demurs to the complaint of the plaintiff in this action for the following causes, to wit :—

" 1st. It is not alleged that the defendant, named as ' The American Mineral Company,' is a corporate body.

" 2d. It does not allege that the defendants are a corporation created by the laws of this state.

" 3d. It does not appear whether the defendant is a body corporate, private company, or an individual.

" 4th. It does not set forth the name of the defendant, or any officers of a corporation, nor is the defendant named in the complaint.

" 5th. It does not recite the title of the act incorporating said company, nor the date of the incorporation.

" 6th. In the complaint are two several causes of action, and they are not separately stated and numbered.

" 7th. That several causes of action have been improperly united.

" 8th. That the complaint does not state facts sufficient to constitute a cause of action.

" 9th. That the contract, or agreement, set forth in the complaint is void for uncertainty.

" J. P. BUTLERS, *Defts. Att.*"

POND & HAND, *for motion.*

O. KELLOG, *opposed.*

HAND, J.    The complaint alleges that the " defendant is an incorporated company, doing business at Moriah," &c. The demurrer admits the truth of this allegation; and if it did not, it was not necessary for the plaintiffs to set out the act of incorporation. (*Stoddard* agt. *Onondaga Ann. Conf.*, 12 *Barb.* 573.)   Nor are we to intend, as a matter of law, that this company is a foreign corporation, especially as it is stated that it is doing business within this state.

It is said, that a corporation, under the general law of 1848, (*Laws of* 1848, *chap.* 40,) should be sued with the addition of the officers, as " President, directors," &c.   But it does not appear that this company was formed under that law; and if it was, that act does not prohibit the adoption and use of a corporate name, like that by which the defendants are sued in this case.  (§ 2; *and see Ang. and A. on Corp.* 79, *and chap.* 18.) We are not to presume, on demurrer, that this is a wrong name.

The complaint does not allege that the goods and chattels were sold and delivered at the special instance and request of the defendant; and one ground of demurrer is, that it does not state facts sufficient to constitute a cause of action.   But when the sale is stated to have been made directly to the defendant, the words " sold and delivered" would seem to imply a contract between the parties. (*See Emery* agt. *Fell,* 2 *T. R.* 28; BULLER, J.; *Brown* agt. *Garnier,* 6 *Taunt.* 389; 2 *Chit. Pl.* 55, *n. o.;* 1 *M. & Gr.* 266, *n. b.; Berry & Lernaindes,*

1 *Bing.* 338; 1 *Saund. R.* 264, *a. n. a.; Allen* agt. *Patterson,* 3 *Seld.* 479.) And if so, it can hardly be necessary to allege that the goods were sold and delivered at the request of the defendant. (*Id.*)

I am aware that this has been doubted; and in some editions Mr. Chitty adds, "*sed quære.* (2 *Chit. Pl.* 55, *n.o.,* 5th *Am. ed.; Dumford.* agt. *Messiter,* 5 *M. & Sel.* 446.) And there was a request by the defendant in *Allen* agt. *Patterson,* (3 *Seld.* 476.) But where there is a contract for the sale and delivery of goods to the defendant, into which both parties, of course, must have voluntarily entered, and which has been so far executed that the defendant has received the goods, it is not very apparent how it can be necessary to allege that such contract was made at the request of the defendant. I am inclined to think such allegation is not necessary in a count for goods sold and delivered; though it may be prudent to insert it.

But the objection that several causes of action have been improperly united in one count, seems to be well taken. (*Code,* §§ 144, 167; *Benedict* agt. *Seymour,* 6 *Howard's Pr. R.* 298.) There is at least too much doubt to grant this motion. The common counts may, in fact, be contained in one count, by stating that the defendant was indebted in a sum large enough to cover all the sums the plaintiff claims to recover; if it be further alleged that, in consideration of such indebtedness, the defendant promised to pay such sum. All may be put into one count, though there be distinct and different considerations, if the indebtedness in one sum, and one promise, be alleged. (*Bailey* agt. *Freeman,* 4 *John. R.* 280; *Nelson* agt. *Swan,* 13 *id.* 483; *Rooke* agt. *Rooke,* Cr. *Jac.* 245; *Morse* agt. *Morse,* 11 *M. & W.* 831; 2 *Saund. R.* 122, *c. n.* 2 & *b.;* 1 *Chit. Pl.* 301.)

In the case now under consideration, the pleader intended there should be but one count, and that sets out the sale and delivery of so much wood on the first of March, 1855, at a fixed price, and amounting to a fixed sum; and also the sale and delivery of so many pieces of lumber on the 28th of August, 1854, at a fixed price and sum; and interest is claimed on one, and on part of the other of said sums, from different

dates; and there is a further allegation that, "on account of said goods and chattels, the defendant is, and remains, indebted" in a sum considerably less than the aggregate amount. But no promise to pay that or any other sum is stated. There was not in *Allen* agt. *Patterson, supra;* but in that case there was but one sale and delivery.

Here the whole claim, it is true, is for goods and chattels sold and delivered; but there were two contracts of sale; and each transaction—as to consideration, time, quantity, price, sum of the price and interest thereon—is stated separately, but yet in one count, (*Jourdain* agt. *Johnson,* 2 *Cr. M. & R.* 564;) *Galway* agt. *Rose,* (6 *M. & W.* 291,) goes a great way; but in that case, and also in *Bailey* agt. *Freeman,* and *Moss* agt. *James,* above cited, and in *Webber* agt. *Twill,* (2 *Saund. R.* 121, *a,*) there was a promise to pay; and no doubt there was in *Nelson* agt. *Swan,* (*supra. And see* 2 *Saund. R.* 121, *c note* 2 & *b.*)    No promise was alleged in *Allen* agt. *Patterson,* but this point did not arise.

At any rate, if there should be no amendment of the complaint, this question had better be disposed of by a direct adjudication upon the demurrer; which is a much better way of trying the validity of pleadings, where there is any room for doubt, than by an application to a judge for judgment because of frivolousness. It should be a strong case to authorize an interference in this summary manner. (*Van Santf. Pl.* 433; *Gra. Pr.* 759; 1 *Whitt. Pr.* 468.)

Motion denied.