———o———

JAMES B. COLT, Respondent, *vs.* JOSHUA LADUE, Appellant.

1. *Evidence—Res gestœ—Possession—Delivery—Statements.*—The statements of one in possession of personal property, when delivering it to another, are admissible in evidence as a part of the *res gestœ* and explanatory of the transaction.

*Appeal from Henry County Court of Common Pleas.*

*LaDue & Fyke,* for Appellant.

I. Sherman had sold this property to this appellant, prior to his conversation with Savage. The *ex parte* statements of a vendor of personal property, after the sale and transfer, do not bind the vendee. 35 (Mo., 202; 16 Mo., 242; Wilson vs. Woodruff, 5 Mo., 40.)

*McBeth & Price,* for Respondent.

I. Sherman's statements to Savage tend to show possession in himself, and that he was even then offering it for sale.

ADAMS, Judge, delivered the opinion of the court.

This was an action of replevin for a large ticket wagon. The plaintiff claimed as purchaser at sheriff's sale on an execution against one C. M. Sherman, and the defendant claimed title by virtue of a prior unrecorded mortgage for a debt due from said Sherman.

The material issue tried below was, whether the defendant took and retained possession of the wagon at the time he received the unrecorded mortgage. Each party gave evidence endeavoring to prove his theory of the case. One of plaintiff's witnesses testified, in effect, that Sherman left Clinton,

where he lived, and, at the time he left he had the wagon in dispute in his possession, and delivered the same with another wagon to witness to keep, and directed him to sell them; that witness took possession and sold one of the wagons, and the wagon in dispute was afterwards levied on by the sheriff.

The defendant objected to what Sherman told the witness about selling the wagon, &c. But the court overruled the objection, and the defendant excepted.

The case was submitted to the court, and no declarations of law were asked or given. The court found for the plaintiff, and entered judgment in his favor. The defendant filed a motion for a new trial, which was overruled.

The only material point is, whether the statement made by Sherman, when he delivered the wagon to the witness, was proper evidence. It was objected to as tending to impair the title held by the defendant by virtue of the unrecorded mortgage. But this evidence had no reference to the title created by the mortgage. Sherman had or assumed to have the actual possession of the wagon, and, in delivering it to the witness, made the statement in question. It was a part of the *res gestæ*, and explanatory of the transaction between him and the witness, and as such proper evidence. A mere delivery of the wagon without stating the purpose would have been utterly senseless.

On the question of possession the evidence was conflicting. There was sufficient however to support the verdict, and we are not at liberty to disturb it.

Let the judgment be affirmed. The other judges concur.