FREDERICK W. DEGENHART, Defendant in Error, *v.*
CHARLES C. SCHMIDT, Plaintiff in Error.

April 22, 1879.

1. As to matters wherein she acted as agent, a wife's testimony for her husband is competent.
2. The statements of one in possession of personal property when delivering it to another is competent as part of the *res gestæ.*
3. In an action for malicious prosecution, specific acts of dishonesty on the plaintiff's part, being new matter, cannot be shown unless specially pleaded.
4. Mitigating circumstances are new matter, and must be pleaded.

ERROR to St. Louis Circuit Court.

*Affirmed.*

C. M. WHITNEY, for plaintiff in error : Information which
came to the defendant before causing the plaintiff's arrest,
whether true or false, was competent and material evi-
dence. — 1 Greenl. on Ev., sect. 101 ; *Barron* v. *Mason*, 31
Vt. 189. The defendant should have been permitted to
state fully what he told his counsel when seeking advice. —
*Sharpe* v. *Johnston*, 59 Mo. 577 ; *Hill* v. *Palm*, 38 Mo. 13.
The question is not as to the plaintiff's guilt, but whether
the defendant had probable cause to believe him guilty. —
*Brennan* v. *Tracy*, 2 Mo. App. 540.

A. M. SULLIVAN, for defendant in error : The wife was
a competent witness. — *Chesley* v. *Chesley*, 54 Mo. 347 ;
*Colt* v. *Ladue*, 54 Mo. 486 ; *Summer* v. *Saunders*, 51 Mo.
92. Separate and independent acts could not be shown
under a general denial. — Sess. Acts 1875, p. 106 ; *Stoddard*
v. *Onondaga*, 12 Barb. 576 ; *Northup* v. *Insurance Co.*, 47
Mo. 435 ; *Scheer* v. *Keown*, 34 Wis. 349 ; *Miller* v. *Foley*, 28
Barb. 630.

BAKEWELL, J., delivered the opinion of the court.
This is an action for malicious prosecution. The answer

was a general denial.   There was a verdict and judgment for plaintiff, and the cause is brought here by writ of error.

The plaintiff introduced testimony tending to prove all the material allegations of the petition.   Among the witnesses introduced by the plaintiff on his own behalf was his wife. The defendant objected, on the ground that she was the wife of the plaintiff.   This objection was overruled, on the ground that she might properly testify as to matters wherein she had acted as agent of her husband.   The prosecution grew out of the fact that the plaintiff had borrowed $100 of the defendant, falsely alleging, as the defendant contends, that he owned, at the time, real estate in his own right, which he really owned as the naked trustee of his wife.   The plaintiff had already testified that he sent his wife for the money he borrowed of the defendant.   As to this matter wherein she acted as agent her testimony was competent, and there was no error in this ruling.   *Chesley* v. *Chesley*, 54 Mo. 347.

Mrs. Degenhart then testified that she went to the defendant's house to get the money; that no one was there but the defendant's wife, who had the money, and said, "Schmidt left that for you, and there is a note he left for you to sign."   This testimony was objected to by the defendant, on the ground that no authority had been shown of Mrs. Schmidt to speak for her husband, and that he was not present.   The statement was competent as part of the *res gestæ*.   The statements of one in possession of personal property, when delivering it to another, are admissible in evidence as explanatory of the transaction.   *Colt* v. *La Due*, 54 Mo. 486.   The fact shown *aliunde*, that, on account of the borrowing of this $100 which the plaintiff testified he received through the agency of his wife, Schmidt caused the plaintiff to be arrested for having obtained this money from him on false pretences, tended to show that Schmidt's wife, if she handed over the money, did so as the agent of her husband.

The defendant testified that one Dean told him that the

plaintiff was a bad character, and had been arrested for dealing without a government license; that his suspicions were thus aroused before the arrest; that he learned other facts which made him think he had been defrauded. The defendant offered to show that one Dean had told him that Degenhart boasted of having got $100 out of him, and that he did not intend to pay a cent; that before causing the arrest of Degenhart, Schmidt learned from certain parties that, about the time he had lent the $100, Degenhart had obtained money from them on the pretence that he owned the Division Street property. The defendant offered to show that he told his lawyer, when consulting about the proposed prosecution, that a certain grocer and a wagon-maker had told him they had been defrauded by Degenhart's pretence to them that he owned the Division Street property. The defendant introduced the grocer and wagon-maker, and offered to prove by them that the plaintiff had got goods from them on the representation that he owned the Division Street property. All this testimony was excluded, on the objection of the plaintiff.

We think that the court committed no error in excluding this testimony. The facts were material, and would have been competent had they been admissible under the pleadings. The plaintiff in an action of malicious prosecution must prove that the arrest was without probable cause. He makes out his *prima facie* case when he shows a discharge on examination; but the plaintiff is not bound to prove good character. Evidence of specific acts of dishonesty on the part of the plaintiff does not tend, therefore, to negative any fact which the plaintiff is bound to prove to make out his case. It is therefore new matter, and, as such, should be pleaded. The rule is that every matter of fact which goes to defeat the cause of action, and which the plaintiff is not under the necessity of proving in order to make out his case, must be alleged in the answer. *Stoddard* v. *Onondaga*, 12 Barb. 576. It has been expressly

decided in Wisconsin, in a recent case (*Scheer* v. *Keown*, 34 Wis. 351), that, under the Code, if the defendant in an action for malicious prosecution, relies on the plaintiff's bad reputation in the particular mentioned, as one circumstance going to establish the defence, as showing that he had reasonable ground to suspect her of the larceny charged, he should set it up in the answer, and that where this is not done, evidence that the reputation of the plaintiff for honesty was bad cannot be introduced. The court say that the rule is necessary to prevent surprise, and that the answer should set forth the grounds of suspicion, that the court may determine whether they afford probable cause or not. It is taken for granted, in Missouri, that the mitigating circumstances are new matter, and must be pleaded under the Code. *Buckley* v. *Knapp*, 48 Mo. 152. And we think that the fact of knowledge by the defendant of previous acts of dishonesty by the plaintiff, or of his general bad character, whether relied upon as a defence, or in mitigation of damages, should be pleaded, and that it would be a great hardship upon the plaintiff in an action of this nature to be required to meet without notice new facts not necessarily connected with the case. The plaintiff could show want of probable cause without proving good character, and the character of the plaintiff was therefore not connected with the facts out of which his cause of action arose.

The *mala fides* of the defendant, and the want of probable cause, are both directly connected with the foundation of the plaintiff's action. It is not, therefore, necessary to plead advice of counsel founded on full disclosure of the facts, because that, if acted upon honestly, is a complete defence, and rebuts the charge of malice. Nor can it be necessary to set forth facts which would lead a prudent man to believe that the plaintiff committed the particular offence with which he was charged; these are merely evidential, and go directly to defeat the cause of action, and the plaintiff must negative them or he has no case. But because

one has the character of a thief, or is known to have committed one theft, he is not therefore to be arrested for borrowing money and not repaying it. His bad character, or specific acts of dishonesty, are good in mitigation of damages, but, as all circumstances of mitigation, they must be pleaded, or the plaintiff cannot know what issues he has to meet.

The instructions given by the court at the instance of the plaintiff and the defendant, seem to have been very carefully prepared, and put the case fairly to the jury, and were evidently drawn with a view to recent decisions as to the law of malicious prosecution by the Supreme Court and by this court. The instructions are long, and we do not consider it necessary to comment upon them further than to say that we have carefully examined them, and think that, taken as a whole, they present the case in a manner of which the defendant cannot complain. An instruction refused seems to have been covered sufficiently by those given ; and though complaint is made of its refusal, we see no error in this.

We see nothing in the record to warrant a reversal of the judgment. With the concurrence of all the judges, it will therefore be affirmed.