THE BUFFALO LUBRICATING OIL COMPANY (LIMITED), RESPONDENT, *v.* THE STANDARD OIL COMPANY OF NEW YORK, APPELLANT, IMPLEADED WITH OTHERS.

SAME, RESPONDENT, *v.* ACME OIL COMPANY, APPELLANT, IMPLEADED WITH OTHERS.

*Actions in tort — a several judgment may be rendered against one of several defendants — liability of a corporation for slandering the business of another corporation carrying on the same business — what facts show this to have been done — a pleading should allege that the acts complained of were done by the corporation and not by its agent.*

The plaintiff, a corporation organized under the laws of this State for the purpose of manufacturing, refining and selling oil, brought this action against seven defendants, three of whom were corporations, one of them being the Standard Oil Company, a corporation organized under the laws of this State and engaged in carrying on the same business as the plaintiff. The plaintiff's cause of action was based upon the charge that the defendants had combined and confederated together for the purpose, and in the manner set forth in the complaint, of ruining the plaintiff's business and driving it out of the market. Upon an appeal from a judgment overruling a demurrer interposed by the defendant, the Standard Oil Company, upon the ground that the complaint did not state facts sufficient to constitute a cause of action:

*Held,* that it was not necessary to examine the complaint for the purpose of ascertaining whether a good cause of action was stated as against the defendants, other than the Standard Oil Company, for the reason that, in actions of tort, judgment may be entered against either of the defendants, when more than one is joined, if the proofs establish a cause of action against such defendant.

That it would not be necessary to prove upon the trial the conspiracy alleged in the complaint, except for the purpose of securing a joint recovery against all the defendants.

It was alleged in the complaint that the defendants, other than the Standard Oil Company, formed a conspiracy to injure the plaintiff, and did certain acts injurious to the plaintiff, in pursuance of such conspiracy, prior to the time at which the defendant, the Standard Oil Company, was organized; that after that defendant was organized it joined and became a party to the conspiracy and ratified said previous actions; that after the organization of that defendant, the conspirators, by letters and other means, requested various customers of the plaintiff not to purchase oil from it, and represented that the plaintiff's oil was of inferior quality, and that the plaintiff had no right to make such oils and vend the same on the market, and threatened the defendant's customers with law suits and expenses if they continued to patronize the plaintiff

and purchase its commodities, and employed one Stearn to make such statements, and that he did make the same at the city of Boston and in other places in the State of Massachusetts, and in various parts of New England, to certain customers of the plaintiff, and, by reason thereof, the plaintiff lost many of its said customers and much of its trade and business and suffered great loss and damage in consequence thereof; that the said conspirators, by their agents and servants, did falsely represent to the customers of the plaintiff, that said conspirators or some of them, had patents that covered the entire product of plaintiff's manufacture, and that the plaintiff had no right to make the oil it was then manufacturing, and that all who bought oil of the plaintiff were infringing the patents of some one or all of the said conspirators, and that one or more of said conspirators would bring actions for such infringements against each and every of the customers of the plaintiff who bought oils or dealt with the plaintiff, by reason of which they prevented many of the plaintiff's customers from purchasing oil from it.

*Held,* that it was manifest that by the use of the term conspirators the plaintiff intended to charge all of the defendants, including the Standard Oil Company, with the illegal acts alleged to have been done.

That if the acts thus charged were proved to have been done by the defendant, the Standard Oil Company, through its officers or agents, it had slandered the plaintiff's business and committed an inexcusable wrong condemned by the laws of the land as well as by honorable traders and merchants.

That in stating his cause of action against the corporation it was proper for the plaintiff to charge that the acts complained of were the acts of the corporation itself, and that it was not necessary, nor would it be proper, to aver that they were done by and through the authorized agent of the corporation.

APPEAL from a judgment overruling a demurrer of the defendant, the Standard Oil Company of New York, interposed to the plaintiff's complaint, upon the sole ground that the facts stated therein did not constitute a cause of action against it. Six other defendants are named, four of them being persons and two corporations. The Standard Oil Company of New York, the party demurring, is a business corporation organized under the laws of the State of New York, engaged in manufacturing and refining oil and placing the same upon the markets of the country. The plaintiff, a corporation organized under the laws of this State, is also engaged in manufacturing and refining oil and selling the same to merchants and traders in this and other States

*Geo. J. Sicard,* for the appellants.

*E. W. Hatch* and *Adelbert Moot,* for the respondent.

BARKER, J.:

The plaintiff's cause of action is based upon the charge that the defendants have combined and confederated together, for the purpose and in the manner set forth in the complaint, of ruining the plaintiff's business and driving it out of the market as a competitor with the defendant, which is also engaged in manufacturing and selling the same kind of products. The single legal proposition presented by the demurrer is, whether the complaint set forth facts showing that the defendant has been guilty of a wrong which has resulted in an injury to the plaintiff. If so, a perfect cause of action is stated and the demurrer was properly overruled. It is wholly immaterial to examine the complaint for the purpose of ascertaining whether a good cause of action is stated against the other defendants or not, for the reason that in actions of tort judgment may be entered against either of the defendants, when more than one is joined, if the proofs establish a cause of action against the defendants. It is not questioned but what the complaint set forth a good cause of action in tort against the four persons named as defendants, and a joint judgment may be entered against them if the facts charged be sustained upon the trial. They are charged with having conspired together to injure the plaintiff in its business, and with having done certain overt acts in carrying out their purpose which have resulted in a pecuniary loss to the plaintiff. The plaintiff contended, on the argument, that the complaint charged, in proper and sufficient terms, that the defendant, the Standard Oil Company of New York, had joined the conspiracy after it had been formed by the defendants, and since that time all the defendants have done certain overt acts in furtherance of such common design and purpose, and that it was jointly liable with the other defendants for all the damages resulting to the plaintiff growing out of the unlawful combination as it was originally formed.

It is clear, as it seems to me, that it is unnecessary to determine whether the complaint will bear that construction or not, in view of the rule that in actions of tort judgment may be entered against such of the defendants against whom a cause of action is made out. The single inquiry now before us is, whether, upon the facts as stated, a judgment may be rendered against this defendant, if the plaintiff fails to prove a like cause of action against all or either of

the other defendants. On the trial it is not necessary to prove a conspiracy between the defendants, if one is alleged in the complaint, except for the purpose of securing a joint recovery against all. (*Hutchins* v. *Hutchins*, 7 Hill, 107; *Buffalo Lubricating Oil Company* v. *Everest*, 30 Hun, 586.)

That a perfect cause of action against this defendant is set forth in the complaint, is clear and indisputable. It is a business corporation, organized under the laws of this State in the year 1882, and since then has been engaged in extensive operations in the same towns and cities where the plaintiff is engaged in a like business. The complaint charges the other defendants with having formed a conspiracy to injure the plaintiff, and done certain acts injurious to the plaintiff, in pursuance therewith, prior to the time this defendant was organized and went into existence as a corporation. The complaint then charges that after the defendant came into existence it joined and became a party to the conspiracy, and ratified its previous action. It is then further charged, as of a time after the defendant was organized, that the conspirators, that is, all the defendants, by letters and other means, requested various customers of the plaintiff not to purchase oil from it, and represented that the plaintiff's oil was of inferior quality, and that the plaintiff had no right to make such oils and vend the same on the market, and threatens the defendant's customers with law suits and expenses if they continued to patronize the plaintiff and purchase its commodities; and employed one Stearn to make such statements, and that he did make the same at the city of Boston, and in other places in the State of Massachusetts, and in various parts of New England, to certain customers of the plaintiff, and by reason thereof the plaintiff lost many of its said customers and much of its trade and business, and suffered great loss and damage in consequence thereof. That the said conspirators, by their agents and servants, did falsely represent to customers of plaintiff that said conspirators, or some of them, had patents that covered the entire product of plaintiff's manufacture, and that the plaintiff had no right to make the oil it was then manufacturing, and that all who bought oil of the plaintiff were infringing the patents of some one or all of the said conspirators, and that one or more of said conspirators would bring actions for such infringements against each and

every of the customers of the plaintiff who bought oils or dealt with the plaintiff, for such infringement of the said patents, and that by reason thereof, the said conspirators did prevent many of the customers of the plaintiff from purchasing oils of, or from dealing with it, and did take from the plaintiff many of its customers to the great damage of the plaintiff. The complaint also avers that, of a time subsequent to the creation of this defendant as a corporation, the defendant did other wrongful acts to the detriment and pecuniary injury of the plaintiff.

In that part of the complaint, of which the substance has just been stated, it is manifest that by the use of the term conspirators the pleader intended to charge all of the defendants, including the Standard Oil Company of New York, with being actors in the performance of the illegal acts charged. If the acts thus charged to have been done by the defendants are proved upon the trial to have been done by this defendant, through its officers or agents, it has slandered the plaintiff's business and committed an inexcusable wrong condemned by the laws of the land as well as by honorable traders and merchants. It is charged that this defendant, together with the other defendants, employed a particular person to repeat the slanders to and among the plaintiff's customers, and his acts in the eyes of the law are the acts of the defendant and it becomes liable for all the damages sustained by the plaintiff by reason thereof. The general rule upon that subject is, as established by the recent cases, that "for the acts of the servant, within the general scope of his employment, while engaged in his master's business, and done with a view to the furtherance of that business and the master's interest, the master will be responsible whether the act be done negligently, wantonly or even wilfully." In general terms, if the servant misconducts himself, in the course of his employment, his acts are the acts of the master, who must answer for them. (*Mott* v. *Consumers' Ice Company*, 73 N. Y., 543.)

In *Reed* v. *The Home Savings Bank* (130 Mass., 445), the court said that, "by the great weight of modern authority, a corporation may be liable even when a fraudulent or malicious intent in fact is necessary to be proved, the fraud or malice of its authorized agents being imputable to the corporation; as in actions for fraudulent representations." (See, also, 2 Addison on Torts, 73.)

There is great justice and fairness in this rule, otherwise injustice might be done to individuals if their remedy for wrongs authorized by corporations were to be confined to actions against the agents employed by the corporation. Since in these times a vast portion of the business of the country is carried on by corporations, guided and stimulated in their action by the advice and under the direction of shareholders, who desire to make their investment profitable, this rule should not be narrowed or limited in any degree by the decisions of the court.

If the views already expressed are sound, then it becomes wholly unnecessary to consider the proposition much discussed upon the argument, by the learned counsel for the defendant, that a corporation cannot become a party to a conspiracy. Although it is difficult to see why it may not, and authority may be cited holding that it can join a conspiracy and become liable for the action of all the conspirators. (*Dodge* v. *Bradstreet Co.*, 59 How., 104; *Morton* v. *Metropolitan Life Ins. Co.*, 34 Hun, 367.)

The plaintiff in stating his cause of action against a corporation may, and should state the acts complained of as being the acts of the corporation itself, and it is not necessary nor proper to aver in the complaint that they were done by and through the authorized agent of the corporation. It is a matter of proof upon the trial to establish that the person who did the act was the authorized agent of the defendant, for it can only act through its officers and agents. When a charge is made in a pleading against a corporation by its corporate name, the legal inference is that some person or persons in its employ did the act imputed. (1 Chitty on Plead., 286; 2 Wait's Pr., 376; *Stoddard* v. *Onondaga Conference*, 12 Barb., 575.)

Judgment affirmed, with costs, and with leave to the defendant to withdraw the demurrer and answer on payment of the costs of the demurrer and of this appeal, within twenty days.

SMITH, P. J., and BRADLEY, J., concurred; HAIGHT, J., not sitting.

Judgment in each case affirmed, with costs, with leave to the defendant to withdraw demurrer and answer the complaint in twenty days, on payment of the costs of the demurrer and of this appeal.