Titus, J.
—The complaint in this action is for labor performed and materials furnished the defendant, for which he agreed to pay the sum of $740.55, and the labor, together with the materials furnished, are alleged to be reasonably worth $740,55, and that no part of the same has been paid, except $328.49, and a judgment is demanded for $412.06.
It is claimed by the plaintiff’s counsel that the answer contains no general or specific denial of the material allegations of the Complaint, but it in terms admits that the plaintiff at the request *278 of the defendant performed quite a large amount of labor for the defendant, as a plumber and gas fitter, and furnished quite a large quantity of materials, which he used in said work.
The answer then alleges, by way of counterclaim, that the plaintiff agreed to do said work in a good and workmanlike manner, and to furnish good and suitable materials therefor, but that he did not do the work in a good and workmanlike manner and furnished poor material, and claims damages in the sum of $200.
On the trial the court held that the defendant could not make proof of this part of his counterclaim inasmuch as it was a claim for damages arising out of the same transaction alleged in the complaint as the basis of the plaintiff’s claim, and no denial of the complaint had been made, and the cause of action was, therefore, admitted. Section 522, Code of Civil Procedure; Fleischmann v. Stern, 90 N. Y., 110.
I have examined the authorities bearing upon the question, and after some hesitation, have come to the conclusion that the defendant must prevail on this motion.
The answer admits one proposition of the complaint in express terms, that the defendant furnished the labor and materials; but the plaintiff’s counsel claims that by not specifically denying any portion of the complaint, the plaintiff’s whole cause of action is admitted.
I do not think this is the correct view of the matter. If that part of the answer which admits the furnishing of the labor and materials had been omitted, the question presented would have been precisely the same as now, not being denied, must, under § 522 of the Code, be taken as true. With this admission eliminated from the answer, we have left only what the defendant sets up by way of denial and counterclaim. He proceeds with “ that the plaintiff did not do the said work in a good and workmanlike- manner, or furnish good or proper materials therefor, but furnished poor and improper materials for said work,” and that much of the work was improperly done. This, it is claimed, is the “ statement of new matter constituting a defense or counterclaim,” under § 500 of the Code.
It by no means follows that because the defense arises out of the transaction alleged in the complaint it is not “new matter.” New matter consists of some fact which the plaintiff is not bound to prove to establish his cause of action, and which goes in avoidance or discharge of the cause of action alleged in the complaint. Stoddard v. The Onondaga Annual Conference, etc., 12 Barb., 573.
I do not think, however, that there is a lack of specific denial of a material allegation of the complaint. While the answer is not so perfectly drawn and elegantly expressed as it might be, yet I think it does deny that the work was done in a good and workmanlike manner and that the materials furnished were good and suitable. Thus an issue is raised b)^ the answer which I think-should have gone to the jury, if the defendant, which must be assumed he was, was prepared to substantiate it by competent evidence.
*279 The verdict must, therefore, be set aside, and a new trial ordered, with ten dollars costs to abide the event of the action.